(No. 37335.—                )

Roy Fantozzi, Appellee, *vs.* Board of Fire and Police Commissioners of the Village of Villa Park *et al.*, Appellants.

*Opinion filed March 22, 1963.*

KENNETH S. JACOBS, of Elmhurst, and THOMAS A. MATTHEWS and BYRON S. MATTHEWS, both of Chicago, for appellants.

MICHAEL F. RYAN, of Chicago, (RICHARD F. MC-PARTLIN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court, Second District, reversing a judgment of the circuit court of Du Page County in administrative review affirming a decision of the Board of Fire and Police Commissioners of the village of Villa Park which discharged plaintiff from the police force of the village. Leave to appeal to this court previously was granted.

Roy Fantozzi was a police officer from October 14, 1955, until June 7, 1960, at which time he was suspended,,

pending the filing of charges. His attorney just prior to his suspension wrote a letter to the village police department advising that Fantozzi had filed a petition in bankruptcy and that a restraining order had issued against his creditors. Shortly thereafter, William M. Holler, chief of police, addressed a letter to the secretary of the board advising of the filing of such petition and stating that, in view of that fact, it was the opinion of the police committee that charges be preferred against him and that if proved, he be discharged. Charges were preferred against him by the chairman of the police committee of the board of trustees of the village, charging that he "failed to pay his debts or to make reasonable provision for paying them, to the annoyance of his superior officer or officers, and to the scandal of the service in such a way that it has affected his capacity and fitness to perform his duties."

Hearing was had by the board on the charges. Five witnesses testified. The chief of police, William M. Holler, the chairman of the police-fire committee of the board of trustees of the village, Stanley B. Erlandson, and the village manager, Robert L. Hegel, testified for the prosecution, and for the respondent, Fantozzi and his attorney in the bankruptcy proceeding. The board found that voluntary bankruptcy indicated a financially unstable individual whose retention would impair the reputation and efficiency of the police department; that Fantozzi entered upon debts beyond his ability to discharge and his continuance on the force would tend to bring the department into disrepute and would be harmful to the village. The board discharged him. The circuit court affirmed this decision. The Appellate Court reversed the circuit court.

The Revised Cities and Villages Act (Ill. Rev. Stat. 1959, chap. 24, par. 14—11) provides "no officer or member of the fire or police department of any municipality subject to this article * * * shall be removed or discharged except for cause, upon written charges, and after

an opportunity to be heard in his own defense." The authority given the Board of Fire and Police Commissioners to remove only for cause is not an arbitrary one, but is to be exercised on just and reasonable grounds. The record must show the board's order is based upon evidence fairly tending to sustain it. As was stated in *Murphy* v. *Houston,* 250 Ill. App. 385, at 394: "While it is true that it is for the Commission to decide what is cause for removal, it may not make an arbitrary and unreasonable rule in this respect. In *Andrews* v. *King,* 77 Me. 224, a statute provided that an employee might not be removed except for cause. The court held cause to mean some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place. This statement of the rule seems to be in harmony with the authorities."

Erlandson testified that only one complaint concerning the officer had been made to him, which was made about a year or .18 months earlier and that he did not even mention it to the officer. Chief of Police Holler testified that any complaints he had received as to Fantozzi's indebtedness would have been from a couple of his creditors a year or more ago. Within the past year he had had no communications that Fantozzi was having any financial difficulties. The only comments he had had from officers working with him and sergeants to whose shifts he had been assigned were that he would do what he's told and that's it. Even the chief of police stated it would be hard to say whether the financial difficulties of Fantozzi had any bearing on his performance of duties as a police officer. The village manager, Hegel, knew of no complaints about the officer and his debts before the time of his bankruptcy.

Fantozzi testified his take-home pay was $398 a month and that if he made payments on five of his bills, they

exceeded this figure. Part of the bills were for necessary remodeling of his home. The bankruptcy petition showed liabilities of $19,392.75, of which $17,066.79 was for installment real-estate debts, mortgages and home improvements and $2,325.96 was for other debts including medical and hospital bills. He testified that his wife had had six major operations in the last 5½ years and that some of his bills were for medical and hospital expenses. He stated that prior to taking bankruptcy he had exhausted every effort to collect money to pay his debts. Over the years he had paid substantial payments on his obligations.

The only testimony of any inefficiency was that on a Christmas occasion there was confusion over his giving or not giving tickets in a parking incident which led to him being censored.

Under the evidence in the record, the Appellate Court correctly held that the charges here involved were not sufficient cause for removal or discharge. The charges do not state some substantial shortcoming which renders the continuance of the officer in his office detrimental to the discipline or efficiency of the service. (*City of Chicago* v. *Condell,* 124 Ill. App. 64; *City of Chicago* v. *Gillen,* 124 Ill. App. 210.) There is no charge and no evidence that plaintiff is a dishonest debtor or even one who culpably fails to discharge a just debt with ability to do so, nor does the filing of the petition for bankruptcy make him so. (*In re Hicks,* (N.D.N.Y.) 133 Fed. 739.) There is no competent evidence that his conduct will bring "scandal" to the service, or that his capacity and fitness to perform his duties are affected.

The record here shows no evidence of any real, proper or reasonable complaints against the officer, and there was no sufficient cause for his removal. Hence, the Appellate Court was correct in reversing the circuit court's affirmance of the board's discharge of plaintiff.

*Judgment affirmed.*