JERRY R. HUMBLES, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF WHEATON *et al.*, Defendants-Appellees.

Second District   No. 76-256

Opinion filed October 12, 1977.—Rehearing denied November 18, 1977.

Selwyn Coleman, of Roselle, for appellant.

Reis, Kula & Young, of Lombard, and Charles B. Van Duzer, of Clarendon Hills, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Jerry R. Humbles, appeals from a judgment of the circuit court which affirmed the decision of the Board of Fire and Police

Commissioners of the City of Wheaton discharging him from his duties as a police officer. The officer was found guilty of two charges arising from what we view as a single incident. He was charged with willfully departing from the truth in an official matter and failing to obey a lawful order of a superior officer.

On April 30, 1975, Humbles was assigned to the clerical task of updating certain telephone numbers in the Wheaton Police Station. His superior officer, Sergeant Dobbs, testified at the administrative hearing that Humbles stated that he was going to the county courthouse to testify in a traffic case. Dobbs said that he asked Humbles to wait for a moment while he took a memo to the chief's office, then he would drive him to the courthouse in the squad car and would attend court while Humbles was testifying. This conversation was the basis for the charge of disobeying a superior officer.

Sergeant Dobbs further testified that when he returned, Humbles had already left. He saw Humbles walking towards the courthouse and approached him. He said that he reminded plaintiff that he had instructed him to wait in the station and Humbles responded that he had not heard the instruction. When Dobbs suggested he would go in with plaintiff, plaintiff stated that he was in the courthouse on personal business relating to his wife's divorce suit. Dobbs testified that he asked plaintiff why he had lied and that plaintiff answered he would be docked in pay if he had told the truth.

Humbles testified that he did not hear Dobbs instruct him to wait. He admitted, however, that he did not tell Sergeant Dobbs the truth because, he said, he was embarrassed by the divorce case. He also testified that he had told Dobbs that he had lied to him because he could not trust him with that confidential information. Counsel for the City of Wheaton objected to questions by plaintiff's counsel as to why the divorce matter was an embarrassment and why plaintiff considered his sergeant untrustworthy and the objections were sustained. There was evidence in the record that plaintiff's wife had been at the police station some days previously with the reasonable implication that the divorce matter was not a secret in the department.

There was further evidence in the record that the City of Wheaton had a departmental police manual which contained approximately 2200 rules, regulations and policies but which was silent on the question of granting time off for personal business. The chief of police testified, however, that although he had been recently appointed, it was his understanding that the procedure had always been that an officer could attend to such personal matters as divorce as if it were normal business without being docked and that it was not necessary to get formal permission. Humbles testified that he was not aware of the unwritten policy.

■■ Plaintiff has suggested without citation of authority that the court

erred in its conduct of the hearing in a number of regards. We find no basis in the record which supports the various claims to an extent which would call in question the integrity of the hearing. We therefore consider the essential contention of the plaintiff that his conduct on April 30, 1975, did not amount to a defect which rendered him undesirable as a policeman and was therefore insufficient grounds for dismissal. We agree.

A police board is accorded considerable discretion in determining what constitutes cause for discharge; and its decision as to the existence of cause will not be reversed "so long as its findings are related to the requirements of the service and not so trivial as to be arbitrary or unreasonable." *Petraitis v. Board of Fire & Police Commissioners*, 31 Ill. App. 3d 864, 868 (1975).

■■ In *Westby v. Board of Fire & Police Commissioners*, 48 Ill. App. 3d 388, 393-94 (1977), we have recently affirmed that

> "The 'cause' for dismissal referred to in section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17) has been held to mean
>
>> 'some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place.' (*Fantozzi v. Fire and Police Commissrs.*, 27 Ill. 2d 357, 360 (1963).)
>
> (See also *Nation v. Board of Fire & Police Commissioners*, 40 Ill. App. 3d 384, 386-87 (1976).)"

When Humbles' conduct is judged by these standards we cannot agree that his conduct, although improper, was cause for discharge.

■■ The fact that the charges arose, in effect, from a single incident does not preclude a discharge for cause assuming that the conduct is of a nature that sound public policy would recognize as good cause for no longer occupying the position of police officer. (See *Hruby v. Board of Fire & Police Commissioners*, 22 Ill. App. 3d 445 (1974) (theft); and *Etscheid v. Police Board*, 47 Ill. App. 2d 124 (1964) (action bordering on transvestitism).) But considering the nature of the particular charge before us the fact that it is a single incident is of some relevance. (*Lindeen v. Illinois State Police Merit Board*, 25 Ill. 2d 349, 353 (1962).) In this case the single incident does not carry the implication that Humbles is unfit to serve as a police officer. It is a fair implication from the record that the reason he told Sergeant Dobbs that he was going to testify in a traffic case was to avoid inquiry into his divorce matter which was apparently a subject of some embarrassment to Humbles particularly following his wife's visit to the station. While it is possible that Dobbs had a legitimate reason to inquire into plaintiff's personal and marital problems (*cf.*

*Etscheid v. Police Board,* 47 Ill. App. 2d 124 (1964)) there is nothing in the record before the board which would justify such an inquiry.

■■ ■ Further, there is no indication that Humbles' action had the effect of lowering police morale or undermining public confidence in the Wheaton police department. (Compare *Nation v. Board of Fire & Police Commissioners,* 40 Ill. App. 3d 384, 387-88 (1976).) In fact, the unwritten rule of the department establishes that there was no distinction made between permission to attend court for the purpose of personal rather than for police business. As a result it is difficult to see how leaving the station for a personal reason on this particular occasion is something which sound public policy would recognize as good cause for plaintiff to no longer continue in the position of police officer. The deception in connection with leaving was, of course, misconduct, and we recognize that as such it might tend to interfere with the discipline and efficiency of the police department.

Similarly, plaintiff's failure to heed his sergeant's order that he wait and proceed to court with the sergeant was disobedience and as such it was also misconduct. But again under the *Fantozzi* guidelines such disobedience would not appear to be sufficient cause for termination.

This is not to say that the Board is prevented from imposing an alternative disciplinary sanction less severe than complete discharge. We note from the statute that if an officer is found guilty of charges "the board may discharge him, or may suspend him not exceeding 30 days without pay." (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17.) The nature of cause for suspension was discussed in *Zinser v. Board of Fire & Police Commissioners,* 28 Ill. App. 2d 435, 439 (1961), a case involving firemen who ignored the fire chief's notice to attend a refresher class on various aspects of firefighting. The court sustained the Board's 10-day suspension of the men stating:

> "A broad discretion is accorded the Board of Fire and Police Commissioners in determining what constitutes a proper cause for suspension, but it is essential to the validity of such suspension that it shall be based upon substantial misconduct or incapacity. Disobedience of a proper order given by a superior officer is such misconduct."

See also *Slocum v. Fire and Police Commission,* 8 Ill. App. 3d 465, 470 (1972).

■■ We conclude that misconduct which sound public policy would not recognize as good cause for permanently terminating an officer may nonetheless provide good cause for a temporary suspension. A common requirement for either sanction, however, is that the disciplinary action in some manner must promote the discipline and efficiency of the service. *Cf. Fantozzi v. Fire & Police Commissioners,* 27 Ill. 2d 357, 360 (1963);

*Slocum v. Fire and Police Commission of East Peoria*, 8 Ill. App. 3d 465, 470 (1972). See also *Watkins v. Director, Administration Department Naval Publications Forms Center*, 385 F. Supp. 435, 442 (E.D. Penn. 1974).

■■ As we noted above, plaintiff's deception and disobedience could be considered to have interfered with the discipline and efficiency of the Wheaton Police Department. We therefore reverse the judgment of the circuit court and the decision of the Board and remand this cause to the Board of Fire and Police Commissioners of the City of Wheaton with instructions to reconsider appropriate disciplinary action to be taken against Humbles other than discharge. *Cf. Basketfield v. Police Board*, 56 Ill. 2d 351, 361 (1974).

Reversed and remanded with directions.

RECHENMACHER, P. J., and NASH, J., concur.