WILLIAM BASKETFIELD, Plaintiff-Appellant, *v.* WILBUR N. DANIEL *et al.*, Defendants-Appellees.—WILLIAM BASKETFIELD, Plaintiff-Appellant, *v.* POLICE BOARD OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   Nos. 78-607, 68-608 cons.

Opinion filed May 14, 1979.

Charles A. Bellows, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This consolidated appeal involves the dismissal of plaintiff-appellant, Lieutenant William Basketfield, from the Chicago Police Department. Two orders of the circuit court of Cook County are before this court for review: (1) an order entered in an action for administrative review affirming the decision of the Police Board of the City of Chicago discharging Basketfield; and (2) an order dismissing Basketfield's complaint for declaratory judgment for failure to state a cause of action. This complaint alleged that inordinate delay by the Police Board violated Basketfield's right to due process of law.

A number of charges were brought against Lieutenant Basketfield pertaining to the recovery of tires on October 19, 1967, by Walsh and Murray, two officers under Basketfield's command. Allegations of misconduct concerned Basketfield's involvement in the tire recovery and

his investigation of possible wrongdoing by his subordinates. On March 20, 1969, after a hearing on these charges, the Police Board ordered his discharge. On administrative review, the circuit court of Cook County reversed the decision of the Police Board and the appellate court affirmed the circuit court, one justice dissenting. (*Basketfield v. Police Board* (1972), 6 Ill. App. 3d 370, 285 N.E.2d 801.) The Illinois Supreme Court granted leave to appeal and subsequently affirmed in part, reversed in part and remanded the cause with directions to the Police Board. *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 307 N.E.2d 371.

The facts pertaining to the charges against Basketfield are set forth in the supreme court opinion and will be repeated here only as needed to resolve this appeal. The supreme court found that the most serious charges brought against Basketfield were not proved and that, with respect to the following charges, the decision of the Police Board was contrary to the manifest weight of the evidence:

(1) Basketfield committed an unlawful act by obtaining unauthorized control of the tires with the intent to deprive the owner of these items;

(2) he was guilty of official misconduct for his actions as heretofore specified;

(3) he conspired with Walsh and Murray to gain unauthorized control of the tires;

(4) he rendered a false report of the incident in an official report given on November 4, 1967; and

(5) he failed to promptly notify superior officers of the misconduct of the members of his command.

(56 Ill. 2d 351, 360, 307 N.E.2d 371, 376.) However, the court determined that: "The Police Board findings that Basketfield failed to conduct a proper investigation pursuant to applicable police regulations and failed to comply with an order of his superior regarding such matter may be sustained by the evidence." (56 Ill. 2d 351, 360, 307 N.E.2d 371, 376.) Accordingly, the cause was remanded to the Police Board with the following directions:

"The most serious charges cannot be sustained, and in fundamental fairness we believe that the sanction imposed in this instance might well differ were only the charges that have been sustained the basis for disciplinary action. We therefore remand the matter to the Police Board to reconsider the appropriate disciplinary action to be taken against Basketfield who, since he became a police officer in 1953, had no prior complaints concerning the performance of his duties." 56 Ill. 2d 351, 361, 307 N.E.2d 371, 376.

On August 9, 1974, upon remand, the Police Board sustained and reaffirmed its decision discharging Lieutenant Basketfield from the

Chicago Police Department. This decision was based solely upon the Board's review of the record in the original discharge proceeding without affording Basketfield a new hearing.

On August 29, 1974, Basketfield filed a complaint in the circuit court of Cook County for administrative review. The circuit court interpreted the supreme court's direction to "reconsider" as a mandate to conduct a new hearing as well as reconsider the record. Accordingly, on March 27, 1975, the cause was again remanded to the Police Board.

On January 5, 1976, a hearing to supplement the original record was conducted. Basketfield undertook a twofold approach at the hearing: (1) presentation of character witnesses who vouched for his excellent reputation as a police officer; and (2) an attempt to introduce evidence of disparities in punishment accorded another officer whose misconduct was similar. Five character witnesses offered substantially similar testimony that was neither impeached nor contradicted. All the witnesses knew Basketfield well and for sufficient duration to offer reliable opinions. Basketfield's general reputation in the Chicago Police Department for honesty and integrity prior to October 19, 1967 (the day the incident began), was excellent. Moreover, before this date Basketfield consistently complied with all rules and regulations of the Chicago Police Department. Finally, one of the character witnesses testified that Basketfield's general reputation for honesty and integrity in the community where he lives and does business was excellent.

Basketfield also attempted to present evidence of disparate treatment and made an offer of proof as to the expected testimony of Commander Francis Lynch, who was involved in the same tire recovery incident:

> "[T]hat if Francis Lynch were sworn and called as a witness, he would testify that in October of 1967, there were charges brought against him that were similar to the charges that were brought against William Basketfield.
>
> "The evidence would further show that he appeared before the Disciplinary Board and that the action taken against him was a demotion from that of a Commander to that of a Captain and was suspended for 30 days * * *."

The hearing officer denied this offer of proof, finding that the punishment given Lynch was not relevant and material to any issue in this cause.

The Chicago Police Department adduced no new evidence. Final arguments were conducted before a Police Board member and, on November 18, 1976, the Board issued its findings and decision, affirming the original order of discharge. On January 13, 1978, on administrative review, the circuit court of Cook County affirmed the findings and decision of the Police Board. Notice of appeal to this court was timely filed. Appellant urges reversal of the circuit court's order, reinstatement of

Basketfield with back pay and privileges, including promotion to such rank as he would have been entitled had he not been dismissed.

██ However, the scope of our review does not allow us to grant all the relief appellant requests in his notice of appeal. The Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, pars. 264-79) provides that the scope of review shall extend to all questions of law and fact presented by the entire record before the court. The court has the power to affirm or reverse the decision of the administrative agency in whole or in part or to remand the cause for additional evidence. There is no provision in the Act for the joinder of a mandamus action for the restoration of the position formerly held or an action for back wages. (See *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303; *Sgro v. City of Springfield* (1972), 6 Ill. App. 3d 478, 285 N.E.2d 589. See also *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 269 N.E.2d 713, *cert. denied* (1971), 403 U.S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2229.) Therefore, this court lacks jurisdiction to compel reinstatement or back pay.

The order of the circuit court upon administrative review must be reversed and the cause remanded to the Police Board because the Board misinterpreted the following directions of the supreme court:

"The most serious charges cannot be sustained, and in fundamental fairness we believe that the sanction imposed in this instance might well differ were only the charges that have been sustained the basis for disciplinary action. We therefore remand the matter to the Police Board to reconsider the appropriate disciplinary action to be taken against Basketfield who, since he became a police officer in 1953, had no prior complaints concerning the performance of his duties." 56 Ill. 2d 351, 361, 307 N.E.2d 371, 376.

We construe these directions as requiring the Police Board to determine what, if any, alternate sanction short of discharge would be appropriate. If the supreme court intended discharge to be the appropriate disciplinary action, it could have made an express finding that Basketfield's misconduct constituted cause for discharge. See *Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 361, 189 N.E.2d 275; *Caliendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 1075-76, 340 N.E.2d 560.

Moreover, the supreme court's language in *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511, aids our interpretation of the *Basketfield* directions. In *Kreiser* the circuit court sustained the Police Board's dismissal of Patrolman Kreiser. The appellate court reversed, finding Kreiser's infractions did not warrant the maximum sanction of discharge. The supreme court affirmed, adding that:

"The effect of the appellate court's reversal, however, is to restore

the plaintiff to duty status with the police department without any alternative sanction having been considered. In our opinion the proper disposition to make here is one similar to that which this court made in *Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 361, namely to remand the matter to the Board for consideration of what action, if any, should be taken. [Citation.]" (69 Ill. 2d 27, 31, 370 N.E.2d 511, 513.)

The *Kreiser* remand precluded the Board from considering discharge as a sanction. In our opinion that also was the supreme court's intention with regard to the *Basketfield* remand.

The judgment and order of the circuit court, on administrative review, affirming the decision of the Police Board of the City of Chicago discharging William Basketfield is reversed and the cause remanded to the Police Board to consider the appropriate disciplinary action, short of discharge, to be taken against him. *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.

■■ In the Board's reconsideration of the appropriate disciplinary action, short of discharge, plaintiff should be allowed to introduce evidence as to the treatment accorded Commander Lynch who was involved, as commanding officer, in the same tire recovery incident and was punished by the Department internally through the Disciplinary Board by demotion from Commander to Captain and suspended for 30 days. This evidence would be relevant and useful to the Board in exercising its discretion and insuring consistency in disciplinary action.

In view of our remandment to the Board for further proceedings, we reverse the judgment and order of the circuit court of Cook County dismissing plaintiff's complaint for declaratory judgment and remand the cause to that court to await the action of the Board. We express no opinion on the legal sufficiency of the cause of action there asserted.

The judgment and order in case No. 78-608 is reversed and the cause remanded to the Police Board of the City of Chicago for further proceedings consistent with the views here expressed. The judgment and order in case No. 78-607 is reversed and the cause remanded to the circuit court of Cook County to retain jurisdiction pending action by the Chicago Police Board.

No. 78-608 reversed and remanded with directions.

No. 78-607 reversed and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.