ROBERT ALBERT, Plaintiff-Appellant and Cross-Appellee, *v.* THE BOARD OF FIRE AND POLICE COMMISSION OF SCHILLER PARK *et al.*, Defendants-Appellees and Cross-Appellants.

First District (4th Division)    Nos. 80-2109, 80-2132 cons.

Opinion filed August 20, 1981.

Thomas F. McGuire, of Buffalo Grove, for appellant.

Harry J. Smith, Jr., of River Grove (Lawrence J. Czepiel, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Robert Albert, appeals a finding of the circuit court of Cook

County under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) in which the court confirmed the Schiller Park Board of Fire and Police Commission (Board) findings of guilty of violating four general orders but set aside the Board's finding on two general orders and set aside the Board's decision to discharge Albert. The Board cross-appeals, seeking reversal. The parties raise the following issues for review: (1) whether Albert received a fair and impartial hearing as required by the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17); (2) whether the Board's findings of guilty were contrary to the manifest weight of the evidence; (3) whether the Board's decision to terminate Albert as a police officer after 10 years of service was contrary to the manifest weight of the evidence; and (4) whether the Board's findings constitute sufficient cause to discharge Albert.

We reverse the circuit court and reinstate the findings and decision of the Board.

On September 17, 1979, hearings began before the Board. Albert had been charged by the superintendent of police with violations as follows: General Order 203—General Behavior; General Order 206—Sickness, Illness and Disability; General Order 207—Absent without Proper Leave; General Order 215—Relations with the Public; General Order 232—Use of Alcohol; General Order 233—Disorderly Conduct; General Order 238—Court Appearance; General Order 252—Training; General Order 257—Punctuality; and General Order 260—Cruel Treatment of Persons.

After hearing testimony of various witnesses and the testimony of Albert, the Board concluded that Albert had violated the following: General Order 203 in that Albert's behavior on July 25, 1979, was such as to bring discredit upon himself and the police department. It was found that Albert, while intoxicated, was involved in an altercation at a tavern. General Order 207 in that Albert was absent from duty and such absence was due to Albert's indulgence in alcohol and/or a total disregard of his duty. Albert was scheduled to work on the evening that he was intoxicated and had failed to report for duty. General Order 232—Use of Alcohol. Though Albert was not in uniform or on duty, he was found to violate that portion of the rule which stated "members whether on duty or off duty, if found intoxicated, publicly, shall be subject to disciplinary action." General Order 233 in that Albert's public conduct was such as to be considered disorderly. The testimony was that the altercation occurred after Albert had consumed 15-30 alcoholic drinks, namely, Screwdrivers. In addition, Albert drove himself to the police station while intoxicated. General Order 238 in that Albert failed to appear for a scheduled court appearance without valid reason. On July 23, seven cases were on the docket for Albert. He failed to appear. General Order 257 in that Albert violated the rule on punctuality on numerous dates between the period

May 1, 1979, to July 26, 1979. The evidence was that out of a total of 87 working days for that period, Albert had 20 regular days off and had taken 14 days of vacation, 4 days absence without an excuse, 2 days absence for personal reasons, 1 day suspension, and 20 days tardy.

In the decision rendered February 1, 1980, the Board discharged Albert. It was the Board's belief that Albert's continued service with the department would be detrimental to discipline and efficiency.

Albert filed an action for administrative review in the circuit court of Cook County. Albert contended that he was denied a fair and impartial hearing when the Board quashed subpoenas on grounds of relevancy and timeliness. Albert had subpoenaed the records of other officers to show that the superintendent employed a double standard. Albert also requested the originals of his timecard records. The Board stated that Albert's time records were made available at the October 29, hearing. Albert further contended that the findings that he had violated general orders and the decision to discharge him were arbitrary, capricious, and contrary to the manifest weight of the evidence.

The circuit court confirmed the Board findings that Albert had violated General Orders 203, 207, 232 and 238. The court set aside the rulings on violation of General Orders 233 and 257. The court further remanded the matter for consideration of a penalty less than termination. In a motion for reconsideration, the Board pointed out that the statute (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17) limited the penalties that the Board could impose to suspension up to 30 days or termination. The court denied the motion.

Albert appeals the confirmance of his violation of General Orders 203, 207, 232 and 238. Defendant Board appeals the setting aside of findings on General Orders 233 and 257. Their separate appeals have been consolidated for review.

■▌ Plaintiff contends that denial of access to the records of other officers deprived him of a fair hearing. He contends the superintendent used a double standard when selecting his time records for disciplinary action. The trial court agreed that the Board should have permitted plaintiff to have access to the time records. But, plaintiff has failed to show how or why noncompliance by other officers should excuse his noncompliance. (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 474, 269 N.E.2d 713, 715.) The record shows that of 53 scheduled working days plaintiff had been absent from work 7 days and tardy on 20 days. Plaintiff had access to his records and testified that on one or two occasions he was late less than 15 minutes. Plaintiff also testified that on some occasions he forgot to punch in until late into his shift. We do not see how tardiness or absences of other officers would be relevant to the charges brought against plaintiff.

The standard of review under the Administrative Review Act provides that agency findings on questions of fact are "prima facie true and correct." (Ill. Rev. Stat. 1979, ch. 110, par. 274.) This provision has been construed to limit the function of the reviewing court to ascertaining whether the findings and decisions of the administrative agency are against the manifest weight of the evidence. (*Davern*, at 471; accord, *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 595, 376 N.E.2d 1105, 1108; *Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 491, 378 N.E.2d 1160, 1165.

■■ A reviewing court may not judge the credibility of witnesses (*Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 491, 378 N.E.2d 1160, 1165), or substitute its judgment for that of the administrative agency. (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 472, 269 N.E.2d 713, 714.) A reviewing court may, however, reverse an administrative body's findings where the findings of that body are against the manifest weight of the evidence. (See *Moore v. Chicago Police Board* (1976), 42 Ill. App. 3d 343, 355 N.E.2d 745.) The examination on review is to determine whether enough evidence exists in the record to support the findings of violation. *Daniels v. Police Board* (1976), 37 Ill. App. 3d 1018, 1022, 349 N.E.2d 504, 507.

Several witnesses testified as to the events of July 25, 1979. The bartender testified as to the number of alcoholic drinks served Albert and described his general appearance during and after the altercation. Others who participated in the fight also testified. Such evidence was sufficient to establish a violation of the rule on general behavior and the rule on use of alcohol. Albert was absent from duty when he remained in the tavern drinking after he was due to start work. This is undisputed and established a violation of the rule on absence. Albert attempted to show that his public conduct was not disorderly despite the fact that he had consumed large quantities of liquor. He claimed that he did not stagger when walking or slur his speech when talking. He did admit, however, to moving with some measure of restraint. This evidence is not disputed. The Board could have considered ability to walk and talk insufficient to disprove allegations of disorderly conduct. A reviewing court may not reweigh the evidence because it finds an opposite conclusion might be reasonable. (See *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 202 N.E.2d 522.) In the case at bar, none of the evidence was conflicting as to specific acts of plaintiff which violated particular rules of the department. We do not find that the evidence in the record is insufficient to support the findings of violation.

We are asked to determine whether the Board's decision to terminate Albert was contrary to the manifest weight of the evidence, and whether there was sufficient cause to discharge Albert. These issues were raised in

a similar case, *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 376 N.E.2d 1105. In *Mihalopoulos*, the court stated that section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17) provides in part that:

> " '[N]o officer or member of the * * * police department * * * shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense.' " *(Mihalopoulos, at 596.)*

The court further stated:

> " 'The cause * * * has been held to mean some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his no longer occupying the place. [Citations.]' " *Mihalopoulos, at 596.*

The sum total of Albert's errant behavior amount to being drunk, disorderly, absent from work without leave, a missed court date, and a general pattern of tardiness. While these infractions individually may not be sufficient to constitute a basis for discharge, viewed in totality they may have a substantial, detrimental impact on the discipline and efficiency of the police department. *Mihalopoulos, at 597.*

■█ A finding that an officer violated police department rules, standing alone, does not empower a board to dismiss the officer. (See *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.) The officer's conduct must constitute cause for dismissal as defined in *Mihalopoulos*. Once the board has determined that cause exists, the board's determination cannot be overturned on review unless the charges against the officer are so trivial as to be unreasonable and arbitrary, and his dismissal is unrelated to the requirements of the service. *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 596, 376 N.E.2d 1105, 1110-11.

■█ The police department of Schiller Park is a small force. Consequently, it depends on each member of the staff for an efficient operation. The Board determined that to continue Albert's service would be detrimental to the discipline and efficiency of the department. Under the circumstances, we cannot conclude that the Board acted arbitrarily in terminating Albert. See *Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 378 N.E.2d 1160.

We conclude that there was sufficient evidence in the record to substantiate the findings that Albert violated rules of the police department. Here, unlike Taylor in *Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 378 N.E.2d 1160, there was no conflicting evidence on the conduct of Albert which violated departmental rules. The Board properly found that Albert violated General Orders 203, 207, 238, 233, and 257. Because the

function of the reviewing court is limited, the court cannot set aside a finding of an administrative agency unless it is against the manifest weight of the evidence. *Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 471, 269 N.E.2d 713, 714.

Further, where cause for discharge has been established, and the charges are not so trivial as to be unreasonable or arbitrary *(Taylor v. Police Board*, at 492), we cannot substitute our judgment for that of the agency and order a lesser penalty. Albert's infractions were sufficiently substantial or related to the performance of his duties to evoke the maximum sanction of discharge. See *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.

For the foregoing reasons, we reverse the judgment of the circuit court and reinstate the findings and order of the Board.

Reversed, with judgment here.

ROMITI, P. J., and LINN, J., concur.