STEPHEN JAKUBEC, JR., Plaintiff-Appellant, v. BLOOMINGDALE FIRE PROTECTION DISTRICT NO. 1 *et al.*, Defendants-Appellees.

Second District   No. 2—85—0185

Opinion filed May 28, 1986.

Reese J. Peck, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Thomas J. Riggs, of Addison, and Wayne L. Mular, of Bloomingdale, for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

The plaintiff, Stephen Jakubec, Jr., appeals from an order of the circuit court of Du Page County affirming the administrative decision of the defendants, the board of trustees of the Bloomingdale Fire Protection District No. 1 (trustees), specifically, Robert C. Smith, Walter A. Plass and Donald E. Petges, which discharged the plaintiff from the fire department as a result of charges of neglect of duty brought by defendant Richard E. Randecker, the assistant chief of the fire department. The plaintiff raises two issues on appeal: (1) whether the decision of the defendants was against the manifest weight of the evidence; and (2) whether the defendants' findings constitute sufficient cause to warrant discharge. For the reasons set forth below, the judgment of the circuit court is affirmed.

The findings and conclusions of an administrative agency on questions of fact are to be considered *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) Consequently, a reviewing

court should not reweigh the evidence and determine what is the preponderance of the evidence. (*Cusack v. Edgar* (1985), 137 Ill. App. 3d 505, 509.) On administrative review, the court's function is to determine whether the findings and decisions of the administrative agency are supported by substantial evidence in the record, and it may not disturb the judgment unless it is against the manifest weight of the evidence. (*Garland v. Department of Labor* (1984), 104 Ill. 2d 383, 392; *Crittenden v. Board of Fire & Police Commissioners* (1985), 139 Ill. App. 3d 154, 158; *Davis v. Retirement Board of Policemen's Annuity Fund* (1975), 30 Ill. App. 3d 318, 323.) In order to conclude that a finding is against the manifest weight of the evidence, the court must be satisfied that an opposite conclusion is clearly evident. *Battle v. Illinois Civil Service Com.* (1979), 78 Ill. App. 3d 828, 831; *Fox v. Illinois Civil Service Com.* (1978), 66 Ill. App. 3d 381, 387.

The record in the present case reveals that the plaintiff became a full-time firefighter for the Bloomingdale Fire Protection District No. 1 on August 1, 1975. A bond referendum was passed in 1977 for the purpose of establishing a paramedic program, and an ambulance tax was created. In 1978, an oral offer was made to the plaintiff giving him the opportunity to become a paramedic in addition to being a firefighter/EMT. The plaintiff testified that he verbally responded that he would "try paramedic out" and would see if he could handle it. There was no conversation or written directive issued as to the duties or length of service of a paramedic. The plaintiff began his paramedic training in July 1978, which he successfully completed. Lawrence Koehn, the fire chief, testified that the plaintiff was given time away from his job to complete his training and was paid his wages for the duration. The cost to the fire department was approximately $6,000.

In a letter dated July 25, 1982, the plaintiff notified Chief Koehn of his intent to decertify as a paramedic when the renewal of his certification became due in June 1983. The reasons cited by the plaintiff were certain hospital policies, the increasing responsibilities and complexities of the paramedic service, and his increasing role as department radio repairman. Chief Koehn advised the trustees of the plaintiff's letter on August 10, 1982. At a trustee meeting the following month, the trustees decided that "unilateral moves within the Department to change job category may only be done with the approval of the Chief of the Department." On November 9, 1982, the trustees, at a meeting attended by the plaintiff, approved a motion which provided that each shift would consist of a lieutenant, a firefighter, a firefighter EMT I and four paramedics so that all shifts would be filled with adequately trained personnel. A written directive to that

effect was issued and distributed to fire department employees. The probable outcome of the failure to retain one's job status in the assigned category was explained.

In a letter dated July 1, 1983, Chief Koehn explained the recent changes to the plaintiff. He noted that the plaintiff was behind in the continuing education required for recertification and advised him that, since all job slots in the department were full, there would be no place for the plaintiff to transfer should he elect not to maintain his paramedic status. In a letter dated July 21, 1983, Dr. Stanley Zydlo, project medical director of the mobile intensive care unit at Northwest Community Hospital, notified the plaintiff that his failure to take the June 1983 recertification examination was taken as his intention to allow his certified status to lapse. A follow-up letter was sent by Dr. Zydlo on July 29, 1983, which notified the plaintiff that he was no longer a certified paramedic.

■ The plaintiff served as a paramedic through August 3, 1983. On August 4, 1983, Assistant Chief Randecker, pursuant to the instructions of the vacationing Chief Koehn, charged the plaintiff with violation of chapter V (Fire Department Offenses and Penalties), article C, neglect of duty, in that since his certified paramedic status lapsed, he could no longer function in that capacity. This court, as well as the circuit court, is required to take judicial notice of all general ordinances of municipal corporations within the State. Ill. Rev. Stat. 1985, ch. 110, pars. 8—1001, 8—1002; *City of Chicago v. Severini* (1980), 91 Ill. App. 3d 38, 46.

■ The plaintiff contends that the decision of the defendants was against the manifest weight of the evidence. Specifically, he argues that since no ordinances, rules or regulations were enacted by the trustees creating, defining or establishing duties and conditions relating to a position or rank of firefighter/paramedic, the plaintiff cannot be found to have wilfully refused to recertify as a paramedic, and the defendants' conduct amounted to a unilateral change of the terms of his employment contract.

In Illinois, a municipal position need not be created by formal ordinance, but may be established by contract, express or implied. (*People ex rel. Siegal v. Rogers* (1947), 397 Ill. 187, 193; *People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599, 607.) This rule of law has been upheld to the benefit of plaintiffs in various cases in which the plaintiff had been appointed to and served in positions which the defendant board of fire and police commissioners subsequently claimed were nonexistent because they had not been created validly by statute or municipal ordinance. (*People ex rel. Siegal v. Rogers* (1947), 397 Ill.

187; *People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599; *Reilly v. Board of Fire & Police Commissioners* (1975), 32 Ill. App. 3d 142; *Kagann v. Board of Fire & Police Commissioners* (1975), 28 Ill. App. 3d 209; *People ex rel. Bubash v. Board of Fire & Police Commissioners* (1973), 14 Ill. App. 3d 1042; see also *People ex rel. Kwiat v. Board of Fire & Police Commissioners* (1973), 14 Ill. App. 3d 45 (held in favor of the defendant where the plaintiff was never appointed to nor performed duties of requested position).) We discern reason for holding that this rationale is not equally applicable to a situation, as here, where the plaintiff elected to fill a position in a newly created program and thereafter claimed that the position was nonexistent because it was not created by ordinance.

■ Section 6 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1985, ch. 127½, par. 26) grants the board of trustees the "full power to pass on necessary ordinances, and rules and regulations for the proper management and conduct of the business of the board of trustees *** for carrying into effect the objects for which the district was formed." (*Azzone v. North Palos Fire Protection District* (1982), 105 Ill. App. 3d 877, 879.) It also gives them the authority to "prescribe the duties and fix the compensation of all the officers and employees of the fire protection district." (Ill. Rev. Stat. 1985, ch. 127½, par. 26.) In light of this statutorily granted authority, the trustees, in the present case, chose to create and develop a paramedic program. (See Ill. Rev. Stat. 1985, ch. 127½, par. 38.5.) A bond referendum was held and firefighters were sought to become paramedics. The plaintiff voluntarily elected to become a paramedic and undertook the requisite training at the expense of the fire department. He continuously functioned and received remuneration for duties performed in that capacity until August 1983. Although the firefighter/paramedic position was not created by formal ordinance, nor the conditions of the position specifically outlined, the position was established and maintained by an implied contract between the six defendants and the plaintiff. Clearly, the plaintiff was aware of his responsibilities and the necessity of maintaining his paramedic status for the welfare of the community. In fact, it was primarily because of those responsibilities and the complexities of the paramedic service that he chose not to maintain his status.

■ The fact that the plaintiff was not hired originally as a paramedic is immaterial. The conditions of public employment may be changed. (*Phillips v. Hall* (1983), 113 Ill. App. 3d 409, 421.) An efficient public service requires competently trained personnel, and those in authority must have the power to carry out such programs of train-

ing and retraining as are necessary to maintain a high quality public service. (*Zinser v. Board of Fire & Police Commissioners* (1961), 28 Ill. App. 2d 435, 440.) It is apparent that Chief Koehn and the trustees forbade the plaintiff from decertifying because of the fire department's requirements which were adopted in the interest of the safety and welfare of the community.

The plaintiff points out that another fire department employee, S. Horn, transferred from firefighter/EMT to firefighter without anyone's permission and without any problem. However, the evidence indicates that at the time Horn dropped his certification, it was not a requirement of his job.

The plaintiff also contends that the defendants' findings do not constitute sufficient cause to warrant discharge. Specifically, he claims that he did not violate an ordinance because none pertaining to paramedics existed, and his continued employment within the fire department was possible since he retained his EMT certification, the position for which he was hired.

Section 10—2.1—17 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17) provides, in relevant part, that "no officer or member of the fire *** department *** shall be removed or discharged except for cause upon written charges, and after an opportunity to be heard in his own defense." (See also Ill. Rev. Stat. 1985, ch. 127½, par. 37.13.) "Cause" under section 10—2.1—17 of the Code has been held to mean:

> "some substantial shortcoming which renders continuance in his [or her] office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his [or her] not longer occupying the place." (*Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 360.)

See also *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 30; *Albert v. Board of Fire & Police Com.* (1981), 99 Ill. App. 3d 688, 692; *Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 186-87; *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 596.

■ The plaintiff's decertification prevents him from continuing in the position of firefighter/paramedic that he held since 1978. The plaintiff's certification as a paramedic was, in the fire department's effort to maintain shifts of adequately trained personnel, related substantially to the performance of his duties which, in turn, relate to the safety and welfare of the community. (See Ill. Rev. Stat. 1985, ch.

127½, par. 38.5.) Just because the position was not created by ordinance does not give the plaintiff the authority to vacate the position at the moment of his choosing for, as we have concluded, there was an implied contract of employment between the parties. Because the plaintiff's act of decertification without the defendants' approval is detrimental to the discipline and efficiency of the fire department, we agree with the trial court which recognized his conduct as good cause for discharge from his position as firefighter/paramedic.

In accordance with the views expressed above, the judgment of the circuit court is affirmed.

Affirmed.

STROUSE and UNVERZAGT, JJ., concur.