JAMES P. BURGETT, Plaintiff-Appellant, v. THE CITY OF COLLINS-VILLE BOARD OF FIRE AND POLICE COMMISSIONERS, Defendant-Appellee.

Fifth District  No. 5—85—0644

Opinion filed October 21, 1986.—Rehearing denied December 8, 1986.

Richard R. Cain, of Cadagin & Cain, of Collinsville, for appellant.

Dwight Taylor, of Collinsville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, James P. Burgett, appeals from a judgment of the circuit court of Madison County affirming the decision of the city of Collinsville board of fire and police commissioners (the board) discharging him from his duties as a police officer. The board found Burgett guilty of leaving his post in his patrol car, secreting himself and his patrol car outside the city limits, and failing to perform his patrol duties between 1 and 4 a.m. on July 11, 1984, "or some major portion thereof." The board also determined that Burgett's actions constituted conduct both unbecoming a police officer and detrimental to the good order and discipline of the department.

Burgett began working for the city of Collinsville as a patrolman in 1973. On the night of July 10, 1984, Burgett was working the 10 p.m. to 6 a.m. shift. He had no set patrol other than to patrol all areas.

At approximately 1 a.m. on July 11, Burgett radioed his location as Johnson Hill Road and Beltline. Sergeant Eaton, Burgett's shift sergeant, started for Johnson Hill Road to find Burgett, but Burgett was diverted to answer a call. Eaton later met Burgett going northbound on Johnson Hill Road at approximately 2 a.m. Burgett took his

lunch break at 3 a.m. At 3:45 a.m., Burgett radioed his position as Johnson Hill Road and Summit Avenue. Eaton again set out to find Burgett. He drove past the location Burgett had given and found him parked next to a vacant house at the corner of Johnson Hill Road and Reese Drive. The house, located on a short, dead-end street outside the city limits, was not visible from the road. Burgett was sitting in his patrol car with the motor running, listening to the police radio. The lights of the patrol car were off. When Eaton arrived, Burgett got out of his car. Eaton ordered him to go back downtown to patrol. Burgett then asked if the house was outside the city limits. Eaton informed him that it was. At the end of his shift, Burgett apologized to Eaton and stated that it would never happen again.

Burgett testified the owner of the vacant house had asked him to watch the house because it had been broken into several times over the past year and a half. Burgett had inspected the house earlier that week and on two separate occasions found people in the yard. He also testified the owner told him the house was inside the city limits, but later stated the owner's brother, a fellow police officer, told him the house was outside the limits. Burgett never checked any maps of the city or verified the house's status with the dispatcher.

Burgett now argues on appeal the board's findings are contrary to the manifest weight of the evidence and do not establish cause sufficient to warrant discharge.

An appellate court's proper function in reviewing administrative decisions is to ascertain if the agency's findings are against the manifest weight of the evidence. (*E.g., Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 594-95, 376 N.E.2d 1105, 1108.) We are not to reweigh the evidence, determine the credibility of witnesses or substitute our judgment for that of the administrative agency. (*E.g.,* 60 Ill. App. 3d 590, 595, 376 N.E.2d 1105, 1108-09; *Daniels v. Police Board* (1976), 37 Ill. App. 3d 1018, 1022, 349 N.E.2d 504, 507.) We are only to determine if enough evidence exists in the record to support the findings of violations. *E.g., Taylor v. Police Board* (1978), 62 Ill. App. 3d 486, 491, 378 N.E.2d 1160, 1165; *Daniels v. Police Board* (1976), 37 Ill. App. 3d 1018, 1022, 349 N.E.2d 504, 507.

In this instance the board found that Burgett concealed himself and his patrol car outside the city limits, thereby leaving his post and failing to perform his patrol duties, all in violation of departmental rules. The evidence on the record supports these findings.

During the hearing, it clearly was established that the vacant house behind which Burgett parked his patrol car was outside the city

limits. Even Burgett admitted a fellow officer told him the house was not in the city. Burgett never verified this conflicting information but continued to watch the house while on duty. His superiors never told him to pay particular attention to the house, and he never advised them of his plans to watch it. The board reasonably could conclude Burgett knew the house was outside the city limits. The board also could conclude Burgett was either helping a friend or using the premises to rest instead of performing his duties. He was to patrol the entire city. Instead, he chose to observe a very secluded house outside the city limits with his car lights off. It was also reasonable for the board to infer Burgett had been doing so for a major portion of the time between 1 and 4 a.m. on the morning of July 11. Burgett had radioed his location as being in the area of the house at 1 a.m. and at 3:45 a.m. And, his sergeant spotted him in the same area at 2 a.m. Burgett obviously spent a great deal of time that morning in the general vicinity of the vacant house.

■ In order to reverse the board's findings as being against the manifest weight of the evidence, we must be able to say that "all reasonable and unbiased persons, acting within the limits prescribed by law and drawing all inferences in support of the finding[s], would agree that the finding[s] [are] erroneous." (*Daniels v. Police Board* (1976), 37 Ill. App. 3d 1018, 1023, 349 N.E.2d 504, 508.) We cannot say in this instance that all reasonable persons would agree the findings are erroneous. Though the evidence may support various conclusions, the board's findings should not be reversed simply because other possible interpretations exist. (See *Albert v. Board of Fire & Police Commissioners* (1981), 99 Ill. App. 3d 688, 691, 425 N.E.2d 1158, 1162; *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366, 374, 387 N.E.2d 738, 744.) We therefore find the board's factual findings are supported by sufficient evidence in the record and are not contrary to the manifest weight of the evidence. See *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 595-96, 376 N.E.2d 1105, 1109.

■ A finding that an officer violated police department rules, however, does not, standing alone, empower a board to dismiss that officer. (*E.g., Albert v. Board of Fire & Police Commissioners* (1981), 99 Ill. App. 3d 688, 692, 425 N.E.2d 1158, 1162.) The officer's conduct must constitute cause for discharge, for no police officer may be discharged except for cause. (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.) Our courts have defined cause as some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which

the law and sound public opinion recognize as good reason for his no longer holding that position. *E.g., Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 360, 189 N.E.2d 275, 277; *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366, 374, 387 N.E.2d 738, 744.

■ It is the function of the board to determine whether an officer's violations constitute cause for discharge. (*E.g., Christenson v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 472, 476, 404 N.E.2d 339, 341.) the board's determination is, however, subject to judicial review. (*E.g., Lakin v. Gorris* (1983), 113 Ill. App. 3d 1034, 1038, 448 N.E.2d 215, 218; *Thomas v. Police Board* (1980), 90 Ill. App. 3d 1101, 1105, 414 N.E.2d 11, 15.) When the board's findings are so trivial as to be unreasonable or arbitrary or are so unrelated to the requirements of the service, we must reverse the board's decision. (*E.g., Christenson v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 472, 476, 404 N.E.2d 339, 342; *Humbles v. Board of Fire & Police Commissioners* (1977), 53 Ill. App. 3d 731, 734, 368 N.E.2d 1049, 1051.) Judged by these standards, Burgett's conduct, although improper, does not warrant the ultimate sanction of discharge.

Burgett did leave the city limits and conceal his car on private property. But, he was only some 30 feet outside the limits in an area where even his sergeant was not certain of the boundaries. He remained in his patrol car with the radio on and motor running. He had promptly responded to the only call he was given during the three-hour period in question. And, he was on patrol within the city limits when Sergeant Eaton drove past him at 2 a.m. This is unlike the situation found in *Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 408 N.E.2d 1187. Burgett did not fail to indicate his location to the department nor did he conceal himself to sleep for a few hours. He was available to the department and fellow officers and, during the time he was watching the vacant house, did not cause a substantial waste of departmental manpower in trying to locate him. (*Cf.* 87 Ill. App. 3d 183, 187, 408 N.E.2d 1187, 1190.) Burgett's misconduct did not seriously impair the functioning of the department.

■ While we do not condone violations of police department rules, we believe the misconduct in this instance did not amount to such a substantial shortcoming as to render Burgett's continuance in office "detrimental to the discipline or efficiency of the service." The board's findings do not support dismissal. See, *e.g., Fantozzi v. Board of Fire & Police Commissioners* (1963), 27 Ill. 2d 357, 361, 189

N.E.2d 275, 277. See also *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 30-31, 370 N.E.2d 511, 513; *Humbles v. Board of Fire & Police Commissioners* (1977), 53 Ill. App. 3d 731, 734-35, 368 N.E.2d 1049, 1051.

The board also raises an issue on appeal. The issue, however, stems from the board's cross-appeal, which has since been dismissed by this court. We, therefore, do not address the board's contention.

■ For the aforementioned reasons, we reverse the judgment of the circuit court and the decision of the board. We remand this cause to the board with instructions to reconsider appropriate disciplinary action to be taken against Burgett other than discharge. See *Kreiser v. Police Board* (1977), 69 Ill. 2d 27, 31, 370 N.E.2d 511, 513; *Humbles v. Board of Fire & Police Commissioners* (1977), 53 Ill. App. 3d 731, 736, 368 N.E.2d 1049, 1052.

Reversed and remanded with directions.

KASSERMAN, P.J., and JONES, J., concur.