**Verga Mae Heap, Plaintiff-Appellant, v. University Civil Service Merit Board, Defendant-Appellee.**

Gen. No. 66–85.

Third District.

June 14, 1967.

Kleiman, Cornfield & Feldman, of Chicago, and Berry, Leighty & Simshauser, of Macomb, for appellant.

Williams & Hartzell, of Carthage, and Webber, Balbach, Thies & Follmer, of Urbana, for appellee.

CORYN, J.

Plaintiff, Verga Mae Heap, on January 22, 1965, was suspended from her job at Western Illinois University on charges of unauthorized absences, refusal to perform assigned work, failure to follow work schedules, insolence, carelessness, and loafing. She requested and was granted a hearing on these charges by the University Civil Service Merit Board, defendant. The Merit Board appointed a three-man hearing board to make findings of fact on these charges against plaintiff. The hearing board conducted a hearing, taking testimony of witnesses, and in October of 1965 forwarded to the Merit Board a tran-

script of this evidence, together with its finding of fact, based upon a 2 to 1 decision of the hearing board, that plaintiff was not guilty of the charges against her. The Merit Board, after reviewing said transcript and findings, unanimously determined that plaintiff was guilty of these charges, and therefore ordered her discharge from said employment. Plaintiff then filed suit for administrative review in the Circuit Court of McDonough County, and that court upheld the determination of the Merit Board. Plaintiff then perfected this appeal, raising as the sole issue, the propriety of the action of the Merit Board in overruling the findings of fact of the hearing board. Plaintiff argues that chapter 24½, § 38b14 of Ill Rev Stats vests in the hearing board the right to make findings of fact, and that the Merit Board has no right or power to make findings of fact different from those made by the hearing board, and that by doing so in this case, the Merit Board usurped the statutory power and function of the hearing board.

The University Civil Service System (c 24½, §§ 38b1 through 38m, Ill Rev Stats) was created by the legislature for the expressed purpose of establishing a program of personnel administration for various nonacademic employees of the several state colleges and universities. It was provided that the University Civil Service System would be under the control of the University Civil Service Merit Board, which consists of five members, three of them being members of the Board of Trustees of the University of Illinois, one a member of the Board of Governors of State Colleges and Universities, and one a member of the Board of Trustees of Southern Illinois University. The Merit Board was specifically vested with power to classify the various jobs within its jurisdiction; to prescribe the duties for each of these classes; to prescribe the rate of compensation, and work hours; to set up standards of examination for the various job classifications; to authorize recruitment of personnel for

the various job classifications; to establish lists of persons who have passed said examinations; and to provide rules for employment, promotion, transfer, and removal.

In this case, the section of the statute in controversy is chapter 24½, § 38b14, which provides as follows:

"After the completion of his probationary period, no employee shall be demoted, removed or discharged except for just cause, upon written charges, and after an opportunity to be heard in his own defense if he makes a written request for a hearing to the Merit Board within 15 days after the serving of written charges upon him. Upon the filing of such a request for a hearing, the Merit Board shall grant such hearing to be held within 45 days from the date of the service of the demotion, removal or discharge notice by a hearing board appointed by the Merit Board. The members of the hearing board shall be selected from among the members of a panel established by the Merit Board after consultation with the Advisory Committee provided in Section 36c. The hearing board shall make and render findings of facts on the charges and transmit to the Merit Board a transcript of the evidence along with its findings of fact. The findings of the hearing board when approved by the Merit Board shall be certified to the employer. If cause for demotion, removal or discharge is found, the employee shall be immediately separated from the service. If cause is not found, the employee shall forthwith be reassigned to perform the duties of a position in his classification without loss of compensation. In the course of the hearing, the Director of the Merit Board shall have power to administer oaths and to secure by subpoena the attendance and testimony of witnesses and the production of books and papers relevant to the inquiry.

"The provisions of the 'Administrative Review Act,' approved May 6, 1945, and all amendments and modification thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final and administrative decisions of the Merit Board hereby created. The term 'administrative decision' is defined as in Section 1 of said 'Administrative Review Act.' "

We are of the opinion that the meaning of § 38b14 is evident from a study of its express language in light of the obvious purpose in the creation, by the legislature, of the University Civil Service System, and its controlling body, the University Civil Service Merit Board. The Merit Board, by statute, has been empowered to establish job classifications and procedures and standards for hiring and firing of thousands of nonacademic employees of the various state universities and colleges. Section 38b14 recognizes, in our opinion, that the Merit Board would not have the time to itself conduct the requested hearing in the many cases where formal charges, requesting demotion, removal, or discharge, are filed against employees within the University Civil Service System. Consequently, § 38b14 provides that the Merit Board, in such cases, shall appoint a hearing board to conduct the necessary inquiry, the function of the hearing board being to make and render findings of facts on the charges and transmit to the Merit Board a transcript of the evidence along with its findings of fact. Section 38b14 provides that "judicial review of final administrative decisions of the Merit Board" shall be pursuant to the Administrative Review Act. Implied in these specific provisions of § 38b14 is the legislative intent to assist the Merit Board by providing that it may appoint a hearing board to take evidence in demotion and discharge cases, but retaining in the Merit Board the decision making power to determine the merits of these cases. The hear-

■■■■■■
■■■

ing board is merely a fact finding arm of the Merit Board—an employee is not demoted or discharged until so ordered by the Merit Board—and judicial review is provided only from the decision of the Merit Board, not the findings of fact of the hearing board.

Accordingly, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.