ROBERT H. TUDOR, Plaintiff-Appellee, *v.* UNIVERSITY CIVIL SERVICE MERIT BOARD OF THE UNIVERSITY CIVIL SERVICE SYSTEM OF ILLINOIS *et al.*, Defendants-Appellants.

(No. 11215; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—February 25, 1971.

Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington (John L. Morel, of counsel,) for appellants.

Kleiman, Cornfield & Feldman, of Chicago, (Arnold E. Charnin and Barbara J. Hillman, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This case involves the operation of the "University Civil Service System". (Ill. Rev. Stat. 1969, ch. 24½, par. 38b1, *et seq.*) A janitor employed at Illinois State University at Normal was suspended on October 20 and then discharged on June 2 by an order of the University Merit Board. The defendants in this case appeal because the order of the trial court affirmed the discharge but set June 2 as the proper effective date of discharge rather than October 20 as fixed by the Merit Board. The trial court also found (1) that during the term of the suspension from October 20 to June 2 the plaintiff was not entitled to and did not receive any pay and (2) that nevertheless the plaintiff remained an employee

under the University Civil Service System as to all other employee benefits such as pension payments, insurance benefits and disability awards which may have accrued during the period between the suspension and the Merit Board's order of discharge. The plaintiff crossappeals and contends that plaintiff's discharge was not for just cause and that the trial court was in error in affirming the order of the Merit Board finding that it was.

This statute and facts somewhat similar to those were involved in *Heap v. University Civil Service Merit Board,* 83 Ill.App.2d 350, 227 N.E.2d 560, where the purpose and the procedure under the University Civil Service System was discussed. Under § 38b14 of the statute it is provided that "if cause for demotion, removal or discharge is found, the employee shall be immediately separated from the service. If cause is not found, the employee shall forthwith be reassigned to perform the duties of a position in his classification without loss of compensation". Accordingly we turn to the crossappeal to determine whether or not the employee was discharged for just cause. If he was not properly discharged, other questions raised on this record become moot.

The record shows that in December, 1963, the employee left his work three times without authority for short intervals. In 1964, he left work for short intervals up to and including March 21 some eighteen times and a fifteen-day disciplinary suspension was imposed. On October 24, 1965, he was absent without authority and was warned by a letter dated November 2 that any future violation would be a basis for the filing of a discharge against him. On October 17, 1966, despite the foregoing warning he was again absent without authority and proceeded to a tavern and by his own admission drank several beers during institutional time. On October 20, he was suspended for discharge and the charges asserted were (1) unauthorized absence (repeated), (2) leaving work without authority (repeated), and (3) drinking intoxicating liquor on institutional time. Number one and number two under Civil Service rules are grounds for suspension and if they become recurring offenses are causes justifying discharge, and drinking intoxicating liquor on institutional time is cause for discharge. The Hearing Board heard evidence and on February 20 found that the three charges were sustained by the evidence. These findings were approved by the Merit Board and on June 2 the order of discharge was entered retroactive to October 20. On appeal to the circuit court that court held that the discharge was effective from June 2. In *Heap,* the court there said that the power to determine the merits in these discharge cases rests with the Merit Board, that the Hearing Board is merely a fact-finding arm of the Merit Board, and an employee is not demoted or discharged until so ordered by the Merit

Board. The judicial review provided by the Administrative Review Act is from a decision of the Merit Board and not the findings of fact of a Hearing Board. In the instant case, the trial court reviewed the facts that we have reviewed above and held that the order of the Merit Board finding just cause for the discharge was proper but that its order making the discharge retroactive to October 20 was not correct and affirmed the order by making the discharge effective June 2.

■■ It is the position of the plaintiff that the causes for discharge in this case are trivia and that accordingly the action of the Merit Board amounts to an arbitrary and capricious removal. It appears from what we have recited that the employee here had little regard for his obligation and his work assignment and was rather inclined to come and go as he pleased and on many occasions altered his work schedule to suit himself. On October 17, he went to the doctor's office where he owed a bill and testified as a result that he was upset. He did not return home because his wife was still there and he didn't want to bother her with his troubles. Instead he went to the tavern and spent some two or three hours and drank a beer. There is no record that he contacted the office to obtain sick leave although when he returned to work two or three days later he so marked his time card and testified he called somebody but didn't remember who it was. Drinking intoxicating liquor on "University time or University property" is grounds for discharge. It appears to us that the University had put up with his lackadaisical methods for quite some time. The words of Julia A. Fletcher Carney seem apropos:

"Little drops of water, little grains of sand
Make the mighty ocean and the pleasant land.
So the little moments humble though they may be,
Make the mighty ages of eternity".

We recognize that just cause means "some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place". (*Hacker v. Myers*, 33 Ill.App.2d 332, 333, 179 N.E.2d 404, 409.) In a public institution employing a great many people it cannot be said that punctuality and compliance with work rules are not essential to the discipline of the organization and repeated disregard of trivial regulations may change the mole hills into a mountain. We cannot from this record say that the finding of the Merit Board and the approval of its order by the trial court is against the manifest weight of the evidence.

■■■ We now inquire as to when the discharge became effective. Sec-

tion 36o of the University Civil Service System Act, (Ill. Rev. Stat. 1969, ch. 24½, par. 38b14) provides: "If cause is not found, the employee shall forthwith be reassigned to perform the duties of a position in his classification without loss of compensation". This clearly implies that the employee is still connected with the service and is pregnant with the thought that if he renders no service he receives no pay. Accordingly, we think the finding of the trial court that the employee received no pay and was entitled to no pay from October 20 to June 2 is correct and it is accordingly affirmed.

■■ During this period, however, he is still connected with the service but in a suspended status. This, it seems to us, is clear from section 36o which provides that no employee shall be demoted, removed or discharged except for just cause and *after* a hearing, if one is requested by him. One was requested and one was held. Under that section where the findings of the Hearing Board are approved by the Merit Board they shall be certified to the employer. "If cause for demotion, removal or discharge is found, the employee shall immediately be separated from the service". Accordingly, total separation from the service comes on the date on which the Merit Board enters its order of discharge. The trial court, however, went on to say that the plaintiff remained an employee under the service as to all other employee benefits such as pension payments and disability awards which may have accrued during the period between suspension and the discharge. The Hearing Board made no such finding. The Merit Board made no such finding. The trial court was without basis or authority under the Administrative Review Act to make such finding. The defendants-appellants raise this point in this court and suggest that there is a clear and long-standing rule prohibiting appellate courts from considering questions or defenses not litigated before the trial court and that this rule applies with equal force to a cause brought under the Administrative Review Act. (*St. James Temple of A.O.H. Church of God, Inc. v. Board of Appeals of the City of Chicago,* 100 Ill.App.2d 302, 241 N.E.2d 525.) It should be noted that the finding of the trial court that the employee was entitled to such pension payments and disability awards as "may have accrued" between the date of his suspension and the date of his discharge was not an issue before the Merit Board nor does the record show whether or not the employee had met the requirements for them. The trial court did not find that he had and neither do we. It is apparent that if any such right accrued during the period of his suspension, the determination of that issue is for another day and another forum. The determination of the nature and the extent of those rights and benefits, if any, was not before the trial court

nor is it before this court. The finding that the plaintiff was entitled to such rights and awards as "may have accrued" is surplusage and does not determine whether or not such rights or pensions *have* accrued. It has no adjudicatory value.

Accordingly, the judgment of the trial court is reversed as to any specific determination of concurring pension rights or disability benefits and is, in all other respects affirmed. This cause remanded to the circuit court for the entry of an appropriate order in accordance with the views herein expressed.

Reversed in part; affirmed in part, and remanded.

TRAPP and CRAVEN, JJ., concur.