THOMAS D. McDANIEL, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY et al., Defendants-Appellees.

(No. 74-299;

Fifth District—April 23, 1975.

Robert P. Schulhof, of Carbondale, for appellant.

John W. Huffman and Richard G. Higgerson, of Southern Illinois University, of Carbondale, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant University Civil Service Merit Board discharged the appellant, Thomas McDaniel, from his employment as a police officer for Southern Illinois University. This discharge resulted after a hearing before a three-member hearing board which reported its findings of fact to the Civil Service Merit Board, which then entered its decision of discharge on October 16, 1973. The Circuit Court of Jackson County, pursuant to the Administrative Review Act, affirmed the action of the Civil Service Merit Board on August 5, 1974. In this appeal, the appellant claims that his discharge was against the manifest weight of the evidence.

We do not agree with appellant's claim and hold that the judgment of the circuit court affirming the decision of the Civil Service Merit Board should be affirmed.

On January 25, 1973, the appellant received a notice from the Disciplinary Review Board of the University's security office that a hearing would be held on a complaint filed against the appellant by two students. The Disciplinary Review Board is an elected body within the Security department, the purposes of which include determining the validity of complaints brought against officers and also to provide hearings for those officers. After meeting with the appellant on February 7, 1973, the Review Board determined that there were sufficient grounds to conduct a full hearing. This hearing was conducted on February 23, 1973, and the Review Board recommended that no further action be taken against the appellant.

However, because of information which came to the attention of the

University Security Department, the appellant was served on March 15, 1973, with a notice of suspension and written charges for discharge. The charges were: (1) interfering with the orderly process of the department (deliberate interference with the Review Board by instructing two witnesses not to appear before the Review Board); (2) verbal threat of violence to a superior officer. The appellant was granted a hearing on May 9, 1973, before a three-member hearing board appointed by the Civil Service Merit Board for the purpose of making findings of facts on the charges and transmitting them to the Merit Board along with a transcript of the evidence.

The appellant was called at the hearing to testify under section 60 of the Civil Practice Act. After his testimony and examination by his own attorney, the appellees produced seven witnesses who testified concerning the charges brought by the appellees touching on the conduct of the appellant as a police officer. After the appellees finished their case, the appellant elected to rest its case on the testimony already presented before the hearing board, and did not present any testimony.

The evidence at the hearing left little doubt concerning appellant's interference with the orderly process of the Review Board. He testified that he had either told, advised or requested two girls not to appear at the hearing conducted by the Review Board on February 23, 1973. These two girls had been notified by telephone to be present at the hearing which was to consider charges against the appellant. They replied on the telephone that they would be present, and visited with appellant the day before the hearing. It was at this visit that appellant admitted that he requested the girls not to appear the next day. The two girls did not appear at the hearing conducted by the Review Board on February 23, 1973. In their testimony before the hearing board, the two girls testified that but for appellant's conversation, they would have appeared and testified at the hearing by the Review Board.

As a result of the appellant's conduct with regard to his hearing on February 23, 1973, the hearing board made a finding of fact that appellant "requested two witnesses not to appear" before the Review Board, and the facts so found were relevant to the reasons used by the employer as a basis for discharge. The decision and order of the Merit Board was that the appellant was guilty of interfering with the orderly process of the Review Board and such conduct was detrimental to the discipline and efficiency of the service.

The second part of the written charges for discharge was: (2) verbal threat of violence to a superior officer. Officer Hunziker testified that on the afternoon of February 11, 1973, the appellant wanted to discuss his appearance before the Review Board. During the conversation with

Hunziker, the appellant stated that "he would blow Mr. Lefler's and Mr. McCue's * * * heads off." Mr. Lefler is chief security officer of the University and McCue is chairman of the Review Board. Patrolman Greer testified that he heard appellant state that if he (appellant) lost his job he would kill Mr. Lefler. The statements made by appellant to the two officers were made on separate occasions. During the examination of the appellant, he testified that he didn't remember making such statements, but he never denied that he made the statements. No evidence was presented in his behalf. The hearing board in its finding of fact submitted to the Merit Board stated that the "employee petitioner made a verbal threat of violence concerning a superior officer which was reported by another officer to superior officers."

■■ The Merit Board found that there was just cause to discharge the appellant based on the two charges which had been filed against him. The University Civil Service System Act (Ill. Rev. Stat. 1973, ch. 24½, § 38(b)14) provides a standard of "just cause" for demotion, removal or discharge of a civil service employee, after written charges are filed and a hearing conducted. "Just cause" has been defined as follows:

> "* * * some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place." *Murphy v. Houston,* 250 Ill.App. 385, 394 (1928).

This principle has recently been reaffirmed in *Hacker v. Meyers,* 33 Ill.App.2d 322 (1961).

The activities of the appellant fall within the definition of "just cause" as defined in *Hacker v. Meyers.* The Review Board is an important arm of the security department and must be allowed to operate without interference. The appellant's influence with the two witnesses severely undermined and interfered with the Review Board's process. This cannot be tolerated. An officer under investigation cannot be permitted to determine that a witness possibly hostile to him need not appear at his hearing.

The appellant states in his brief that the statements concerning the life of his superior officers could be considered as he "blew off steam." However, the testimony does not demonstrate that the statements were made in a light-hearted manner, or in jest. These threats were obviously made because appellant thought he was going to lose his job and also because he vigorously objected to the Review Board's calling of the two witnesses. Such language and conduct is detrimental to the effect and efficient operation of any security force.

■■ The Illinois courts have consistently held that discipline and efficiency in a police department must be maintained in reviewing discharge proceedings of police boards and commissions. The Merit Board in its decision determined that the record established "just cause" for discharge as defined in *Hacker v. Meyers*, taking into account the fact that appellant was employed as a police officer. "Cause" is to be defined and applied in the discretion of the Board, and a court should not reverse unless the Board's findings are so unrelated to requirements of the service, are so trivial as to be unreasonable or arbitrary, or are against the manifest weight of the evidence. *Davenport v. Board of Fire and Police Commissioners*, 2 Ill.App.3d 864, 278 N.E.2d 212 (1972).

Under 2(c) of the decision and order of the Merit Board the following language is used:

> "Each of these findings are relevant to the reasons used by the employer as a basis for discharge. The conduct of the employee in each of these situations was detrimental to the discipline and efficiency of the service. These situations demonstrated a serious personal lack of stability and discipline necessary for a policeman to observe."

The appellant construes the above language as the equivalent of a decision based on a written charge, and that no written charge had been filed concerning appellant's personal lack of stability and discipline necessary for a policeman. In order to uphold the charges it was only necessary to prove interference with the process of the Review Board and a verbal threat to commit violence to a superior officer. The "lack of stability and discipline" language was a comment of the Merit Board characterizing the conduct of the appellant for which he had already been found guilty.

■■ The record affirms the decision of the Merit Board and the trial court's order approving that decision; such finding was not against the manifest weight of evidence.

Judgment affirmed.

G. MORAN and KARNS, JJ., concur.