WILLIAM NATION, Plaintiff-Appellee, *v.* THE BOARD OF FIRE & POLICE COMMISSIONERS OF THE CITY OF TAYLORVILLE, Defendant-Appellant.

Fifth District   No. 75-515

Opinion filed July 21, 1976.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellant.

Mark Rabin, of Springfield, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an action brought under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*). Defendant seeks review of a trial court order reversing a decision of the defendant Board of Fire and Police Commissioners of the City of Taylorville in which

plaintiff-appellee, William Nation, was discharged from the police department for conduct unbecoming a police officer.

Defendant contends in this appeal that: (1) the trial court should not substitute its judgment for the judgment of an administrative agency on matters committed to the agency's discretion; (2) the trial court, after affirming the Police Board's finding that the acts of plaintiff constituted conduct unbecoming an officer, had no power to reduce the punishment imposed; and (3) although "cause" for discharge is not defined in section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat., ch. 24, par. 10—2.1—17), it is for determination by the administrative agency, and a court may not reverse an agency's finding of "cause" unless the findings are so unrelated to the requirements of the service or so trivial as to be unreasonable and arbitrary.

In February 1975, plaintiff Officer William Nation unlocked and entered without permission the private locker of his fellow officer, Kenneth Shivers. The reason given by the plaintiff for entering Officer Shivers' locker was his curiosity concerning an alleged "black book" kept by Officer Shivers which was thought to contain notes about several police officers including plaintiff.

After entering Officer Shivers' locker plaintiff found the black book which contained allegations against the plaintiff and five other officers. In addition to the black book, plaintiff found letters of a personal nature written to Officer Shivers by a married woman. Plaintiff had copies of those letters made and arranged for them to be delivered to the woman's husband.

The plaintiff unlocked and entered Officer Shivers' locker on several other occasions and at least twice did so accompanied by another officer. One officer, Tom Mrozinski, who the plaintiff had shown how to open the locker, appropriated $800 which Officer Shivers had kept in his private locker. There was no evidence that plaintiff was in any way involved with the removal of the $800.

On February 24, 1975, the Chief of Police filed charges with the Board of Fire and Police Commissioners of the City of Taylorville (hereafter Board) against the plaintiff, and a hearing was held on March 29. The Board found that the charges were sustained and that plaintiff's actions constituted conduct unbecoming an officer. As a result of the above finding the Board discharged plaintiff as a policeman and as a member of the police department. The written order of the Board was entered March 25, 1975.

On April 7, 1975, plaintiff filed a complaint for administrative review of the above mentioned decision in the circuit court of Christian County, Illinois. An answer was filed by defendant and after a hearing and arguments by counsel the court took the cause under advisement.

On September 29, 1975, the court entered the following judgment:
"The court finds the Board of Fire and Police Commissioners acted arbitrarily in imposing the maximum punishment for an act not involving moral turpitude and scarcely recognizable as a crime under Illinois laws. It is ordered that the decision of said Board that the acts of William Nation constituted conduct unbecoming a police officer is affirmed. It is further ordered that the decision of said Board that said conduct constituted cause for discharge of William Nation as a policeman is reversed. This cause is remanded to said Board for the imposition of punishment other than discharge."

The purpose of the Administrative Review Act is to provide a method of review which allows the decision of an administrative body to be subjected to a judgment of the court as to its regularity and validity. In reaching a decision an administrative agency must stay within the guidelines and rules prescribed by the legislature, and judicial review of an administrative decision is intended to allow the reviewing court to determine whether the administrative agency has adhered to the powers granted to it by the constitution and by statute. *Krachock v. Department of Revenue*, 403 Ill. 148, 85 N.E.2d 682; *Chicago Transit Authority v. Fair Employment Practices Com.* 103 Ill. App. 3d 329, 243 N.E.2d 638.

Since both parties stipulated to appellee's guilt in committing the acts complained of in the written charges against him, the sole issue facing the Board was the penalty to be imposed. The Board chose to dismiss Officer Nation from the police force.

■■ Plaintiff contends that the Board acted unreasonably and arbitrarily in ordering his discharge and that its decision to discharge was not supported by the manifest weight of the evidence. The trial court apparently agreeing with plaintiff stated:
"[T]he board * * * acted arbitrarily in imposing the maximum punishment for an act not involving moral turpitude and scarcely recognizable as a crime under Illinois law."

Whether the trial court acted properly in substituting its judgment for that of the Board must be determined from an examination of the applicable statutes. The legislature has provided that no police officer may be discharged without "cause." Section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17) states:
"Except as hereinafter provided, no officer or member * * * of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense."

While cause is not defined by the statute, Illinois Courts have construed

it to mean some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognizes as good cause for his no longer holding the position. *Davenport v. Board of Fire & Police Commissioners*, 2 Ill. App. 3d 864, 278 N.E.2d 212, *Coursey v. Board of Fire & Police Commissioners*, 90 Ill. App. 2d 31, 234 N.E.2d 339.

■■ A determination of "cause" is properly the duty of the police board reviewing a decision. (*Etscheid v. Police Board*, 47 Ill. App. 2d 124, 197 N.E.2d 484.) When the findings of an administrative agency (such as the police board) are based on substantial evidence and they do not go against the manifest weight of the evidence, a reviewing court may not substitute its judgment for that of the agency. *Hruby v. Board of Fire & Police Commissioners*, 22 Ill. App. 3d 445, 318 N.E.2d 132; *Rauland Division, Zenith Radio Corp. v. Metropolitan Sanitary District*, 9 Ill. App. 3d 864, 293 N.E.2d 432; *Davenport v. Board of Fire & Police Commissioners*.

Thus, it was the duty of the Board to evaluate the testimony before it, to consider the gravity of the proven violations, and to determine whether cause existed for Officer Nation's discharge. The trial court should properly have confined itself to a determination of whether there was any evidence to support the Board's decision. The applicable rule is that unless the Board's findings were against the manifest weight of the evidence, their decision to discharge Officer Nation should be upheld. *Hruby v. Board of Fire & Police Commissioners; Rauland Division, Zenith Radio Corp. v. Metropolitan Sanitary District; Davenport v. Board of Fire & Police Commissioners*.

As mentioned above "cause" is a statutory prerequisite for the dismissal of a police officer. (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17.) In this case a showing of cause requires evidence tending to show some substantial shortcoming which renders the employee's continuance in office is some way detrimental to the efficiency and discipline of the service and actions which the law and good public policy recognize as good cause for no longer allowing an officer to hold his position. Here, the record reflects that there was ample evidence adduced at the Board hearing which showed "cause" for discharge. There was testimony stating that plaintiff's actions had lowered the morale and disrupted the efficiency and discipline of the Taylorville Police Force. There was personal injury to Officer Shivers in the unauthorized entry of his locker and public embarrassment over his disclosure as a paramour.

■■ Officer Nation's actions were not of a trivial nature and were undertaken knowingly and deliberately. As a police officer plaintiff failed

to uphold the high standards and duties of his office. The scandal which his actions helped to create could easily undermine public confidence in the Taylorville Police Force and decrease its effectiveness.

Although there was testimony before the Board which suggested that a less severe punishment could have been applied, such testimony could not be said to constitute the manifest weight of the evidence. We note that the court below did not question the weight of the evidence before the Board and limited its decision to a reversal of the Board's disciplinary sanction.

■■ We find that the decision of the Board of Fire and Police Commissioners was not contrary to the manifest weight of the evidence disclosed in the record. It follows that the court below erred in its modification of the Board's disciplinary sanction.

Accordingly, the judgment of the trial court is reversed and the order of the Board affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.