NICHOLAS M. KARAYANAKIS, Plaintiff-Appellant, v. STATE UNIVERSITIES CIVIL SERVICE MERIT BOARD *et al.*, Defendants-Appellees.

Fourth District   No. 4—84—0328

Opinion filed February 15, 1985.

Thomas J. Edstrom, of American Federation of State, County, and Municipal Employees, of Springfield, for appellant.

Timothy O. Madigan and James J. Costello, both of University of Illinois, of Urbana, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff filed a complaint in the circuit court of Champaign County for administrative review of the decision of the State Universities Civil Service Merit Board (Merit Board) finding just cause to discharge plaintiff from his position as assistant mechanical engineer with the University of Illinois operation and maintenance division. The trial court entered an order confirming the decision of the Merit Board from which plaintiff appeals. We affirm.

Plaintiff, Dr. Nicholas M. Karayanakis, was employed by the University of Illinois operation and maintenance division as an assistant mechanical engineer beginning June 2, 1980. One of the prerequisites for this position was a bachelor's degree in mechanical engineering. On his application for employment plaintiff listed a bachelor of science degree in mechanical engineering from ATI College in Athens, Greece, as well as a master's degree from Governor's State University, and a doctorate from the University of Illinois. University of Illinois personnel officers did not require documentary proof of plaintiff's bachelor's degree at the time he applied and was examined for the position as assistant mechanical engineer.

Plaintiff successfully completed the six-month probationary period on December 2, 1980. Thereafter, in June 1983, questions arose con-

cerning plaintiff's job performance and his educational qualifications. After repeated requests for documentary evidence of plaintiff's bachelor's degree, which he refused, plaintiff was ordered by his supervisor to either provide such evidence, sign a written release authorizing the university to obtain such evidence, or face discharge proceedings; plaintiff again refused.

On July 18, 1983, formal charges for discharge were filed before the Merit Board. The charge alleged was plaintiff's failure to comply with the order to sign the release form authorizing the university to obtain documentation of his bachelor's degree and allowing the university to determine the transferability of plaintiff's undergraduate credits. Plaintiff requested a hearing on the charges.

The discharge hearing was held on August 17, 1983, before a hearing officer of the Merit Board. Prior to the introduction of any evidence, counsel for the university indicated his intent to amend the written charges at the close of evidence to conform with the proof presented at the hearing. The proposed amended charges alleged that plaintiff failed to possess a bachelor's degree in mechanical engineering and failed to have the requisite experience for his position. Plaintiff was also charged with falsifying his application for employment. The hearing officer ultimately deferred the decision on whether the original charge could be amended to the full Merit Board.

Consequently, evidence was presented at the discharge hearing which related to both the original and amended charges. The hearing officer entered findings of fact on all the charges, concluding that the charges for discharge were supported by evidence that plaintiff refused to obey a direct order and that plaintiff did not possess a bachelor's degree in mechanical engineering. The full Merit Board entered its decision finding that the University of Illinois had established just cause for plaintiff's discharge and approving the findings of fact entered by the hearing officer, but only to the extent such findings were consistent with plaintiff's failure to obey a direct order. The Board ordered plaintiff's discharge effective September 28, 1983.

Plaintiff filed his complaint for administrative review in the circuit court on November 1, 1983, pursuant to the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.). After hearing arguments, the court entered a written order on April 12, 1984, finding that the Merit Board's decision was not arbitrary, capricious, or against the manifest weight of the evidence.

Plaintiff initially complains that the University of Illinois was erroneously allowed to introduce evidence supporting the proposed amended charges against plaintiff. However, the Merit Board's order discharging plaintiff was based solely on the finding that plaintiff

refused to obey a direct supervisory order, and the hearing officer's findings of fact were approved only to the extent that they were consistent with evidence introduced relative to the original charge. Therefore, plaintiff was not prejudiced in any way by the introduction of the extraneous evidence, even assuming that the university could not have properly amended the charges prior to the introduction of any evidence at the discharge hearing. The evidence produced relating to the amended charges is simply irrelevant to the issue in this case.

Plaintiff argues, in essence, that the supervisory order directing him to sign the release form, supply documentation of his bachelor's degree, or face discharge was illegal and invalid and therefore plaintiff's dismissal for disobeying that order was arbitrary and capricious. The claimed illegality of the order is premised on two grounds: (1) that the order violated plaintiff's "right to educational privacy," and (2) that the order required plaintiff to "requalify" for his position after he had successfully completed his probationary period, in violation of section 36h of "An Act to create the State Universities Civil Service System" (Ill. Rev. Stat. 1983, ch. 24½, par. 38b7).

■ Plaintiff argues that the supervisory order to supply documentation of his bachelor's degree or sign the written waiver violated his "right to educational privacy." However, plaintiff has failed to identify the source of any such right or explain how such a right would apply in the instant situation. We are unwilling to allow the bare assertion of this alleged right to shield a civil service employee from a legitimate inquiry into the employee's academic credentials for employment. The university here should not be prevented from ascertaining the qualifications of even tenured employees when valid questions arise concerning the authenticity of the employee's asserted qualifications.

■ Plaintiff's second contention, that a tenured employee may not be forced to "requalify" for his position after the completion of his probationary period, is in effect an argument that the university is estopped from inquiring into an employee's educational qualifications by the mere running of the six-month probation period. The logical extension of this argument would result in an absurd situation where a civil service employee who defrauds the university by successfully misrepresenting his educational qualifications for a sufficient period, as plaintiff was accused of here, would be assured of continuing employment.

■ The real issue in this case, one which is somewhat obscured by plaintiff's arguments, is whether the Merit Board's finding of just cause to discharge plaintiff is arbitrary or against the manifest weight of the evidence. It is uncontested that a bachelor's degree in mechani-

cal engineering is a prerequisite for the position of assistant mechanical engineer, that plaintiff never provided documentation of such a degree at the application and examination stage, and that plaintiff refused a direct order to provide documentation or sign the release form after his qualifications were called into question.

The term "just cause," used in section 36o of "An Act to create the State Universities Civil Service System" (Ill. Rev. Stat. 1983, ch. 24½, par. 38b14) as a standard for discharge, has been defined as some substantial shortcoming which renders continuance and employment detrimental to discipline and efficiency and something which the law and sound public opinion regard as good cause for termination of employment. (*Tudor v. University Civil Service Merit Board* (1971), 131 Ill. App. 2d 907, 267 N.E.2d 341; *Colaw v. University Civil Service Merit Board* (1975), 37 Ill. App. 3d 857, 341 N.E.2d 719.) The determination of what constitutes just cause rests within the sound discretion of the Merit Board and will not be set aside unless it is so trivial or unrelated to the requirements of employment as to be unreasonable or arbitrary, or is against the manifest weight of the evidence. (*McDaniel v. Board of Trustees* (1975), 28 Ill. App. 3d 564, 328 N.E.2d 659.) Insubordination, or refusal to obey direct supervisory orders, has been recognized as just cause for the termination of a civil service employee. *Parkhill v. Civil Service Com.* (1978), 58 Ill. App. 3d 291, 374 N.E.2d 254; *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782, *appeal dismissed, cert. denied* (1978), 435 U.S. 911, 55 L. Ed. 2d 502, 98 S. Ct. 1463.

In the instant case, the order to document plaintiff's educational qualifications or sign a release allowing the university to do so was a reasonable and valid order. The order did not require plaintiff to "requalify" for his position, but merely required him to document the fact that he was qualified in the first instance. Plaintiff's refusal to cooperate certainly was related to the requirements of employment in that without his cooperation the university was unable to determine whether he was qualified to hold the position of assistant mechanical engineer. Thus the decision of the Merit Board to discharge was not arbitrary or against the manifest weight of the evidence, and the judgment of the circuit court is consequently affirmed.

Affirmed.

MILLS and McCULLOUGH, JJ., concur.