MICHAEL J. ADAMS, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF SKOKIE *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 85—3562

Opinion filed June 3, 1986.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Harvey Schwartz, Corporation Counsel, of Skokie (Jeffrey D. Greenspan, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Michael J. Adams, appeals from the order of the circuit court of Cook County confirming the decision of defendant, the board of fire and police commissioners of the village of Skokie (the board), to demote him from the rank of captain to the rank of lieutenant on the village of Skokie fire department. Plaintiff contends that the sanction of demotion was arbitrary, unreasonable, and unrelated to the requirements of the service. We affirm.

On January 16, 1985, chief Thomas Quillin of the village of Skokie fire department (the department) filed charges against plaintiff with the board alleging violations of various departmental rules. Chief Quillin sought the demotion of plaintiff from captain to lieutenant, a fine, and a period of suspension. At the hearing on April 9, 1985, the parties stipulated to the following facts:

"In 1982, Michael Adams while on duty at the Fire Department obtained copies of certain portions of Peter Conrad's personnel files. These confidential files were located on a shelf in the storage closet of the Skokie Fire Department, maintained by the Village of Skokie Fire Department. Michael Adams took these documents, photocopied them and turned them over to Terry Gielow for use in a pending lawsuit between Firefighters Terry Gielow and Peter Conrad, stemming from a fist fight at a Skokie Fire station."

Plaintiff admitted that his conduct violated the following rules and regulations of the village of Skokie fire department:

"Rule 310.02 *Standard of Conduct*: Members and employees shall conduct their private and professional lives in such a manner as to avoid bringing the Department into disrepute.

Rule 310.04 *Loyalty*: Loyalty to the Department and to associates is an important factor in Departmental morale and efficiency. Members and employees shall maintain a loyalty to the Department and their associates as is consistent with the law and personal ethics.

Rule 380.72 *Impartial Attitude*: All members must remain completely impartial toward all persons coming to the attention of the Department. All citizens are guaranteed equal protection under the law. Exhibiting partiality for or against a person because of race, creed, or influence is unfiremanlike conduct. Similarly, unwarranted interference in the private business of others when not in the interest of justice is unfiremanlike conduct."

The board then heard testimony regarding the sanction to be im-

posed. Based on the stipulated facts the board found plaintiff guilty as charged, and, finding no justification or excuse for his conduct, ordered plaintiff to be demoted to the rank of lieutenant. On administrative appeal, the circuit court of Cook County confirmed the board's decision.

Plaintiff, as we have noted, contends that the sanction of demotion was arbitrary, unreasonable, and unrelated to the requirements of the service. We disagree.

The facts in this case are undisputed. Plaintiff stipulated that he had obtained and photocopied certain portions of firefighter Peter Conrad's confidential personnel files and delivered them to firefighter Terry Gielow for use in a pending lawsuit between Gielow and Conrad arising from a fist fight at a village of Skokie fire station. Plaintiff further stipulated that, in violation of the rules and regulations of the village of Skokie fire department, his conduct brought the fire department into disrepute, breached the duty of loyalty which plaintiff owed to the department and its members, reflected partiality, and constituted unwarranted interference in the private business of others. Based on this conduct, the board demoted plaintiff from captain to lieutenant.

■ In seeking judicial review of his demotion, plaintiff urges us to adopt the "substantial shortcoming" standard which has been applied in discharge cases. Under this standard, "cause" for discharge by an administrative agency is "a substantial shortcoming which renders an employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which law and sound public policy recognize as good cause for his no longer holding his position." (*Brown v. Civil Service Com.* (1985), 133 Ill. App. 3d 35, 41, 478 N.E.2d 541.) Plaintiff, however, cites no demotion case in which this test has been adopted.

A demotion necessarily implies a continuation of service in some different capacity and not a termination. (*Colaw v. University Civil Service Merit Board* (1975), 37 Ill. App. 3d 857, 867, 341 N.E.2d 719 (Barry, J., dissenting).) Since demotion represents a less serious sanction than discharge, we do not believe that the same test for reviewing the reasonableness of a discharge should govern review of a demotion. (See *Lakin v. Gorris* (1983), 113 Ill. App. 3d 1034, 1039, 448 N.E.2d 215 (application of the "substantial shortcoming" test should be limited to discharge cases).) Indeed, the courts have intimated that demotion may be an appropriate sanction in circumstances that would not warrant discharge. See *Basketfield v. Daniel* (1979), 71 Ill. App. 3d 877, 881, 390 N.E.2d 492; *Fox v. Illinois*

*Civil Service Com.* (1978), 66 Ill. App. 3d 381, 390, 383 N.E.2d 1201.

■■ The question presented by this appeal is whether, in view of the circumstances presented, we can say that the board, in deciding to demote plaintiff, acted unreasonably or arbitrarily or selected a type of discipline unrelated to the needs of the service. (*Sutton v. Civil Service Com.* (1982), 91 Ill. 2d 404, 411, 438 N.E.2d 147; *McDaniel v. Board of Trustees* (1975), 28 Ill. App. 3d 564, 328 N.E.2d 659.) In our judgment, it did not.

■■ Plaintiff argues that demotion was an arbitrary penalty because two other employees of the fire department who had knowledge of plaintiff's conduct were less severely disciplined. Firefighter Terry Gielow, who received the confidential personnel files, was suspended from duty for one 24-hour period. Gielow, however, did not take the documents or copy them, and there was some evidence that he had found them stuck in his door. Captain William Serdar, who knew that Gielow had received the documents was reprimanded in writing for failing to report a violation of departmental rules. Serdar advised Gielow to consult an attorney. He had no part in taking the documents or in giving them to Gielow. It is readily apparent that the conduct of Gielow and Serdar was far less culpable than that of plaintiff and did not require the same sanction.

■■ Defendant next argues that the sanction of demotion was unreasonable because of the eight-month delay in filing charges, during which time plaintiff continued to function as captain/duty chief on various committees and had access to personnel files, and because of the personal rather than professional nature of the incident. An examination of the record, however, fails to indicate clearly who was responsible for the delay in filing charges, and, in the absence of an adequate record, we cannot assume that the delay was solely attributable to the department. (See *Norek v. Herold* (1975), 31 Ill. App. 3d 514, 520-21, 334 N.E.2d 220.) Moreover, there is some evidence in the record that plaintiff was responsible for part of the delay. Furthermore, contrary to plaintiff's representations, it appears that following disclosure of his involvement in the copying of firefighter Conrad's personnel files, plaintiff was removed from fire department headquarters and no longer had access to personnel files without the permission of a higher ranking officer on the department. As duty chief, plaintiff would not have access to those files. Plaintiff also was prohibited from working at the same fire department station as Conrad. Although plaintiff continued to serve on three committees, he would have been eligible to serve on two of

those committees as a lieutenant.

■ Plaintiff also suggests that demotion was an unreasonably harsh sanction in light of the allegedly personal nature of his actions. In *Nation v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 384, 352 N.E.2d 464, however, the appellate court upheld the discharge of a police officer who entered the private locker of a fellow officer, removed personal letters written to that officer by a married woman, copied the letters and then delivered them to the woman's husband. The facts in the case at bar are far more egregious. While plaintiff's motivation to copy firefighter Conrad's personnel files may have been personal in origin, the files themselves were departmental. Plaintiff's access to those files was based on his position and working relationship with the department and therefore his unauthorized disclosure was directly and substantially related to his position with the department. (*Lupo v. Board of Fire & Police Commissioners* (1979), 82 Ill. App. 3d 449, 452, 402 N.E.2d 624.) See also *Odell v. Village of Hoffman Estates* (1982), 110 Ill. App. 3d 974, 978-80, 443 N.E.2d 247 (civilian radio dispatcher for the police and fire departments properly discharged where she revealed confidential information regarding the arrest of two juveniles).

■ Finally, plaintiff argues that his demotion was unrelated to the needs of the service. Although the evidence on this issue was conflicting, based on the testimony presented at the hearing the board reasonably could have concluded that plaintiff's conduct had adversely influenced the efficiency, effectiveness, and morale of the fire department. (*Lupo v. Board of Fire & Police Commissioners* (1979), 82 Ill. App. 3d 449, 454, 402 N.E.2d 624; *Nation v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 384, 387-88, 352 N.E.2d 464.) As the court noted in *Lupo*, "the [unauthorized] disseminating of confidential information from a personnel file must by its very nature detrimentally affect the efficiency of a department both with reference to its present personnel who have a reasonable expectation of privacy of their answers and its effect on any future applicants." (*Lupo v. Board of Fire & Police Commissioners* (1979), 82 Ill. App. 3d 449, 454, 402 N.E.2d 624.) And we agree with the board that, in light of plaintiff's rank and experience, strong disciplinary measures were necessary for the sake of the department. See *Crittenden v. Board of Fire & Police Commissioners* (1985), 139 Ill. App. 3d 154, 162, 487 N.E.2d 115.

■ Plaintiff also complains of the "devastating financial impact" of his demotion and further contends that he was "twice penalized"

for his conduct when the department withdrew a merit increase he had been given. Plaintiff's complaint regarding the economic consequences of his demotion, however, assumes that he will never be promoted and is unsupported by any expert actuarial testimony. We also reject his contention that he has been punished twice for the same conduct.

On January 25, 1985, plaintiff's previous merit increase, which had been granted conditionally on the outcome of the investigation into the present matter, was withdrawn. A merit increase is given only to above-average employees and the chief of the department determined that in light of plaintiff's conduct a merit increase was inappropriate. In our judgment, the denial of plaintiff's merit increase, which is not reviewable by the board or the courts, does not constitute disciplinary action and therefore did not bar the department from seeking plaintiff's demotion in an administrative hearing before the board. This serves to distinguish the principal authority on which plaintiff relies, *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168.

■ Upon our review of the record, we are unable to say that the board, in deciding to demote plaintiff from the rank of captain to the rank of lieutenant, acted unreasonably or arbitrarily or selected a type of discipline unrelated to the needs of the service. *Sutton v. Civil Service Com.* (1982), 91 Ill. 2d 404, 411, 438 N.E.2d 147.

Accordingly, we affirm the order of the circuit court of Cook County confirming the board's decision to demote plaintiff.

Judgment affirmed.

HARTMAN and SCARIANO, JJ., concur.