MATTHEW DUNCAN, Plaintiff-Appellee, v. THE CITY OF HIGHLAND BOARD OF POLICE AND FIRE COMMISSIONERS *et al.*, Defendants-Appellants.

Fifth District   No. 5—01—0911

Opinion filed April 9, 2003.

George E. Marron III, of Johannes & Marron, P.C., of Highland, for appellant City of Highland Board of Police and Fire Commissioners.

Thomas Scott Stewart and Beth A. Bauer, both of Burroughs, Hepler, Broom, MacDonald, Hebrank & True, of Edwardsville, for appellant Michael D. King.

Mark C. Scoggins and Clay B. St. Clair, both of Crowder & Scoggins, Ltd., of Columbia, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Following an administrative hearing, the City of Highland Board of Police and Fire Commissioners (the Board) discharged Matthew Duncan from his position as a Highland police officer for violating department rules. Duncan sought judicial review of the Board's deci-

sion. On review, the Madison County circuit court reversed the Board's decision and ordered it to reinstate Duncan and to impose the maximum penalty short of discharge. On appeal, the Board contends that its findings and conclusions regarding the violation are supported by the evidence and that the misconduct warrants a discharge. The Board asks this court to reverse the decision of the circuit court and to affirm the Board's decision to discharge Duncan.

The basic facts are not in dispute. On the evening of September 28, 2000, Duncan went to Cutter's bar in Belleville, Illinois. He was not on duty at that time. While at the bar, Duncan became acquainted with a woman named Barbara. Sometime during the evening, Barbara had learned that Duncan was a Highland police officer. Just before "last call," Barbara willingly accompanied Duncan to his car for the purpose of engaging in sexual relations. Duncan's car was parked in the rear of Cutter's parking lot near a line of trees. Duncan covered the windows of his car with sun screens so that they could not be seen. He and Barbara then engaged in consensual sexual acts. Duncan and Barbara exited the car and again engaged in sexual acts on the parking lot behind the car. Both were partially clothed. Duncan's pants were at his ankles. At that time, a group of approximately five people was standing in the parking lot. One or two from the group knew Barbara and began to joke with her while she was behind Duncan's car. Based on the banter, it was evident that at least some people were aware that Duncan and Barbara were engaging in sexual relations.

Someone reported Duncan's conduct to Michael D. King, Highland's police chief. Chief King instituted an investigation. Following the investigation, Duncan was charged with violating two department rules: "unbecoming conduct" and "immoral conduct."

On November 10, 2000, the Board conducted an evidentiary hearing on the charges. During the hearing, the Board had the opportunity to read the investigative reports and to listen to the testimony of Barbara, Duncan, Chief King, and character witnesses called on behalf of Duncan. The witnesses' accounts of the basic facts did not conflict. The Board also had the opportunity to consider Duncan's personnel file. The personnel filed included information regarding hiring, awards, and incident reports. According to documents in the file, Duncan had been appointed as a Highland police officer in January 1995. Prior to his appointment, Duncan served five years as a military police officer in the Missouri National Guard. Duncan received commendations for his service as a member of the National Guard and as a Highland police officer. Duncan had also been the subject of a few complaints arising from his work as a Highland police officer. One incident

resulted in a one-day suspension. In that case, Duncan admitted that he had presented a false identification card to an airline attendant so that he could use a nontransferable and nonrefundable airline ticket which had been issued in the name of an acquaintance. The individual could not use the ticket and offered it to Duncan. No criminal prosecution arose from the incident.

At the close of the hearing, the Board took the matter under submission. It issued its decision on December 6, 2000. In its decision, the Board found that Duncan had engaged in a sex act on a public parking lot while others were present and that there was a reasonable expectation that others would view the act. The Board determined that by participating in such acts, Duncan engaged in unbecoming conduct and immoral conduct in violation of department rules. The Board concluded that Duncan's conduct reflected unfavorably on the department, brought the department into disrepute, discredited the department's integrity, and discredited his own integrity. After considering the present incident and the prior suspension, the Board determined that there was cause for discharge. The Board ordered that Duncan be removed and discharged from his position as a Highland police officer.

Duncan filed a timely petition for judicial review of the Board's decision in the Madison County circuit court. After considering the administrative record and the briefs of the parties, the circuit court remanded the case to the Board for "reconsideration of sanctions short of discharge." The court found that there had been no showing that Duncan's continued employment would be detrimental to the discipline and efficiency of service or that the infraction was "sufficiently substantial or related to the performance of his duties" to justify discharge. The order was issued September 25, 2001.

After further review, the Board stood on its decision to discharge Duncan. In the decision issued October 19, 2001, the Board noted that police officers are in positions of trust and responsibility in the community and are held to a higher standard than private citizens, that Duncan's conduct demonstrated a propensity to disregard the law, that the Highland police department was a small police department which required cooperation among its officers, that Duncan's continued employment would severely impair the integrity of the department, and that any discipline short of discharge would have a negative impact on the citizens of Highland.

In a motion filed October 23, 2001, Duncan asked the circuit court to clarify its September 25, 2001, order or, alternatively, to find the Board in wilful contempt for failing to comply with the order. Duncan claimed that the order required the Board to impose a sanction less

severe than a discharge and that the Board had misconstrued the order. On October 25, 2001, the Board filed a motion to reconsider the September 25, 2001, order and to affirm its findings and decision. The motions were considered during a hearing held November 1, 2001. On November 2, 2001, the circuit court entered an order denying the motion to reconsider and granting the motion for clarification. In its order, the court directed that the Board "institute the maximum penalty exclusive of discharge authorized by 65 ILCS 5/10—1—18[ ] and that the officer be reinstated to his position within the department."

On appeal, the Board contends that Duncan's conduct violated the law and the policies of the Highland police department and that this conduct, when considered with a prior incident and suspension, justified the discipline of discharge. Duncan contends that the Board's decision was unreasonable because his conduct was not related to his work as a Highland police officer. In support of his argument, Duncan argues that he was not on duty and not in uniform, that he did not use his position to influence the woman to participate, that the conduct occurred outside of the Highland community, and that the conduct did not adversely impact the integrity of the Highland police department.

■ The standard of review of an administrative agency's decision regarding discharge requires a two-part analysis. See *Kloss v. Board of Fire & Police Commissioners of the Village of Mundelein*, 96 Ill. 2d 252, 257, 449 N.E.2d 845, 848 (1983); *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n*, 85 Ill. 2d 547, 550, 426 N.E.2d 885, 887 (1981). Initially, a court must determine whether the findings are against the manifest weight of the evidence. *Department of Mental Health & Developmental Disabilities*, 85 Ill. 2d at 550, 426 N.E.2d at 887. Because the Board is an administrative agency, its findings and conclusions are held to be *prima facie* true and correct. See 735 ILCS 5/3—110 (West 1998).

■ In this case, the Board's findings are based upon facts that are largely undisputed. During the hearing, the primary fact in dispute was whether the sexual activity was performed "in public." The Board found that Duncan had engaged in a sex act on a public parking lot while others were present and that there was a reasonable expectation that others would view the public sex act. The finding is supported by evidence presented during the hearing. It is not against the manifest weight of the evidence.

The second step is to determine whether the findings of fact provide a sufficient basis for the agency's conclusion that a cause for discharge exists. *Department of Mental Health & Developmental Disabilities*, 85 Ill. 2d at 551, 426 N.E.2d at 887; *Kappel v. Police Board of*

*the City of Chicago,* 220 Ill. App. 3d 580, 589, 580 N.E.2d 1314, 1320 (1991). The agency's decision will not be reversed unless it is arbitrary, unreasonable, or unrelated to the requirements of service. *Department of Mental Health & Developmental Disabilities,* 85 Ill. 2d at 552, 426 N.E.2d at 887.

■ According to the Illinois Municipal Code (Code), a police officer may not be discharged without cause. See 65 ILCS 5/10—1—18 (West 1992). Though the term "cause" is not defined in the Code, it has been judicially construed to mean "some substantial shortcoming" that renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and that the law and sound public opinion recognize as a good cause for his no longer holding his position. See *Launius v. Board of Fire & Police Commissioners of the City of Des Plaines,* 151 Ill. 2d 419, 435, 603 N.E.2d 477, 484 (1992); *Nation v. Board of Fire & Police Commissioners of the City of Taylorville,* 40 Ill. App. 3d 384, 387, 352 N.E.2d 464, 467 (1976); *Davenport v. Board of Fire & Police Commissioners of the City of Peoria,* 2 Ill. App. 3d 864, 869, 278 N.E.2d 212, 215 (1972).

■ The Board is charged with the duty to determine whether there is a cause for the discharge of one of its officers. *Nation,* 40 Ill. App. 3d at 387, 352 N.E.2d at 467. The Board's decision will stand even if a court considers another sanction more appropriate. See *Kappel,* 220 Ill. App. 3d at 590, 580 N.E.2d at 1321. This is because the Board is in the best position to determine the effect of the officer's conduct on the proper operation of the department. *Kappel,* 220 Ill. App. 3d at 590, 580 N.E.2d at 1321. The Board's finding of "cause" is to be respected by the court, and it should only be overturned if it is arbitrary and unreasonable or unrelated to the requirements of the service. See *Launius,* 151 Ill. 2d at 435, 603 N.E.2d at 485; *Sutton v. Civil Service Comm'n,* 91 Ill. 2d 404, 411, 438 N.E.2d 147, 151 (1982). Stated differently, during the review of an administrative agency's decisions, a court may not reverse a finding of cause unless the finding is so unrelated to the requirements of service or so trivial that it is unreasonable or arbitrary. See *Flynn v. Board of Fire & Police Commissioners of the City of Harrisburg,* 33 Ill. App. 3d 394, 399, 342 N.E.2d 298, 302 (1975).

■ In this case, the Board's finding of a cause for discharge is supported by the evidence in the record. The undisputed evidence shows that Duncan engaged in sexual intercourse in a public place. There was evidence that the citizens of Highland were aware of Duncan's conduct. Highland Police Chief Michael King testified that Duncan's conduct was an embarrassment to the department. The Board expressed concern that the citizens of Highland would lose respect for

the department if Duncan was permitted to continue as a police officer. There was also evidence that during his tenure as a Highland police officer, Duncan had occasion to enforce a Highland ordinance that prohibits persons from engaging in sexual intercourse in a public place. Duncan's willingness to engage in conduct in a nearby jurisdiction, when he is aware that such conduct would be improper if it occurred in Highland, indicates a disregard of the law. A police officer who freely disregards laws that he has sworn to uphold impairs the discipline and efficiency of his entire department and undermines the authority of every officer on the street. See *Kappel*, 220 Ill. App. 3d at 591, 580 N.E.2d at 1321-22.

According to the record, this is not Duncan's first instance of misconduct. A few months prior to the incident in Cutter's parking lot, Duncan was suspended for the possession and use of a false government identification card. There is evidence that Duncan failed to uphold the high standards and duties of his office on more than one occasion. The nature of these incidents and the fact that they were committed only a few months apart raise concerns about Duncan's ability to serve as a police officer. The incidents demonstrate a lack of good judgment and a lack of respect for the law. Taken together, these incidents support the Board's findings that Duncan has exhibited substantial shortcomings as a police officer and that his continued employment as a police officer may have a substantial, detrimental impact on the discipline and efficiency of the Highland police department. See *Ealey v. Board of Fire & Police Commissioners of the City of Salem*, 188 Ill. App. 3d 111, 118, 544 N.E.2d 12, 17 (1989).

On this record, we cannot say that the Board's decision to discharge Duncan was unrelated to the requirements of service as a police officer or otherwise unreasonable or arbitrary. The circuit court erred in ordering the Board to modify its disciplinary sanction.

Accordingly, the judgment of the circuit court is reversed, and the decision of the Board is reinstated and affirmed.

Reversed; Board's decision reinstated.

CHAPMAN and DONOVAN, JJ., concur.